GOODWIN (UNITED STATES v.). See Case No. 15,229.

# Case No. 5,555.

## GOODYEAR v. ALLYN et al.

[6 Blatchf. 33; 3 Fish. Pat. Cas. 374; 1 Am. Law T. Rep. U. S. Cts. 94.] [1]

Circuit Court, S. D. New York. Jan. 11, 1868.

PATENTS—MARKING ARTICLES — ACT OF MARCH 2, 1861—DAMAGES—BURDEN OF PROOF—PENALTY—. PARTIES TO SUIT IN EQUITY — VERIFICATION BY EQUITABLE OWNER OF PATENT.

1. Section 13 of the act of March 2, 1861 [12 Stat. 249], does not require that the bill should aver that the patentee had marked the articles made or vended under the patent as required by the statute.

2. To prevent the recovery of damages under that statute it must appear, either from the bill or in the proofs, that the patentee has made or vended the articles under the patent.

3. The burden of proof is upon the defendant to show a failure on the part of the patentee to mark, as required by the statute, articles made or vended under the patent. If this be shown, the burden of proof is upon the patentee, to show that before suit was brought, the defendant was notified that he was infringing the patent, and that he continued, after such notice, to make and vend the patented article.

[Cited in Schofield v. Dunlop, 42 Fed. 325.]

4. The penalty imposed by the statute for a failure to mark patented articles is only the taking away of the right to recover damages in the suit. It does not affect the right to an injunction, either perpetual or provisional.

[Cited in Putman v. Sudhoff, Case No. 11,483; New York Pharmical Ass'n v. Tilden, 14 Fed. 741; Anderson v. Monroe, 55 Fed. 404; Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 578.]

5. Whether the statute applies to a suit in equity, or any other suit, except an action brought under section 14 of the act of July 4, 1836 [5 Stat. 123], quaere.

6. The plaintiff in a suit in equity does not recover damages.

7. The practice is well settled that it is proper, in a suit in equity on a patent, to join as plaintiff with the owner of a legal title to the patent, the party who is immediately injured by the infringement, and who is equitably entitled to the fruits of the recovery in the suit.

[Cited in Black v. Allen, 42 Fed. 621.]

8. The bill may be verified by the equitable owner of the patent, and a verification by the holder of the legal title is not necessary.

In equity. This was a motion for a provisional injunction [against Richard J. Allyn and Samuel F. Phelps] to restrain the in-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher. Esq., and here compiled and reprinted by permission. The syllabus is from 3 Fish. Pat. Cas. 374. and the statement and opinion are from 6 Blatchf. 33.]

fringement of two reissued letters patent, granted to Henry B. Goodyear, administrator of Nelson Goodyear, May 18th, 1858, for an "improvement in the manufacture of India rubber," and numbered 556 and 557. They were reissues of an original patent [No. 8,075], granted to Nelson Goodyear, May 6th, 1851. The patent, as reissued, was extended May 5th, 1865, for seven years from May 6th, 1865. The reissues related to what is commonly known as "hard India rubber," or "vulcanite," No. 556 being for the process, and No. 557 for the product. Henry B. Goodyear, administrator, was the owner of the legal title to the reissues. The Vulcanite Jewelry Company was the owner of an exclusive license, under the reissues, in and for the whole of the United States, to make, use, and vend bracelets, earrings, brooches, beads, chains, charms, pins, and necklaces, designed to be worn about the person, for ornament, and, also, watch cases and watch keys. The bill averred that the Vulcanite Jewelry Company was in the full enjoyment of the rights and interests acquired by it, and that this suit was brought for its benefit, but it did not aver that the company had ever made or vended any article under the patent. The bill was verified by the president of the company, and the jurat contained an averment that the deponent verily believed Nelson Goodyear to have been the first and original inventor of the improvements claimed in the reissued letters patent.

William J. A. Fuller. for plaintiffs.
Peter Van Antwerp, for defendants.

BLATCHFORD, District Judge (after stating the facts as above). These reissued patents were fully sustained, on a final hearing, in a suit in equity, in this court,—Goodyear v. New York Gutta Percha, etc., Co. [Case No. 5,580],—in 1862, against all defences of invalidity and want of novelty. On the present application, the defendants do not deny the infringement alleged, but they take three objections to the plaintiffs' bill.

By section 13 of the act of March 2, 1861 (12 Stat. 249), it is provided, that, "in all cases where an article is made or vended by any person, under the protection of letters patent, it shall be the duty of such person to give sufficient notice to the public that said article is so patented, either by fixing thereon the word 'patented,' together with the day and year the patent was granted, or when, from the character of the article patented, that may be impracticable, by enveloping one or more of the said articles, and affixing a label to the package, or otherwise attaching thereto a label, on which the notice, with the date. is printed; on failure of which, in any suit for the infringement of letters patent, by the party failing so to mark the article, the right to which is infringed upon, no damage shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make or vend the article patented." The objection taken is, that the bill does not aver that the plaintiffs, or either of them, marked, as required by the statute, the articles made or vended under the patent. There are several answers to this objection: (1) It does not appear, by the bill, that the plaintiffs, or either of them, have ever made or vended any articles under the patent, and that fact is not shown by the defendants. (2) If that fact did appear, either by the bill or otherwise, it would be for the defendants to show a failure by the plaintiffs to mark, as required, the articles made or vended, and then the burden of proof would be on the plaintiffs to show that, before suit was brought, the defendants were duly notified that they were infringing the patent, and that they continued, after such notice, to make or vend the article patented. (3) The penalty imposed by the statute, for a failure to mark patented articles, is only the taking away of the right to recover damages in the suit. It does not affect the right to an injunction, either perpetual or provisional, as a remedy. (4) It is questionable, whether the statute applies to a suit in equity, or to any other suit, except an action on the case for damages, brought under section 14 of the act of July 4, 1836 (5 Stat. 123), that being the only species of suit in which the plaintiff can recover damages for the infringement of a patent. The plaintiff in a suit in equity on a patent does not recover damages. Livingston v. Woodworth, 15 How. [56 U. S.] 546. 559.

It is objected, also, that the plaintiffs are improperly joined, and that it is not proper, in a suit in equity on a patent, to join as plaintiff, with the owner of the legal title to the patent, a party who is a mere licensee. The practice is well settled, that it is proper, in a suit in equity on a patent, to join as plaintiff, with the owner of the legal title to the patent, the party who is immediately injured by the infringement, and who is equitably entitled to the fruits of the recovery in the suit. Goodyear v. Central R. Co. [Case No. 5,563], before Mr. Justice Grier; Stimpson v. Rogers [Id. 13,457], before Judge Ingersoll. It is averred, in the bill, that the Vulcanite Jewelry Company is entitled to sue for, and receive to its own use, in the name of Goodyear, administrator, and itself, all the damages occasioned by infringements of the reissues, by the manufacture, sale, or use of articles covered by the license to it, made in violation of the reissues, and that this suit is brought for its benefit. This suit is, therefore, properly brought in the name of those who are joined as plaintiffs in it.

The objection is taken, also, that the bill is not verified by Goodyear. The president of the company is, on the facts, the proper party to verify it, and he has done so, and the verification contains the proper averments.

The infringement is made out by the affidavits on the part of the plaintiffs, and is undefended, and a provisional injunction must issue, according to the prayer of the bill.

[For other cases involving this patent, see note to Goodyear v. Mullee, Case No. 5,577.]