### UNITED STATES *v.* SMITH.

Under the act of June 30th, 1864, to provide internal revenue to support the government, &c., which requires a license to persons exercising certain occupations, and fixes the limit to its duration, the parties to the bond given on the granting of the license, are not bound to answer for any breach of the condition of the bond after the expiration of the license.

ON certificate of division between the judges of the Northern District of Ohio; the case being this:

The act of June 30th, 1864, "to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes," enacts, by its 71st section,* that no person shall carry on the business of a coal oil distiller until he have obtained a license in the manner prescribed.

The 73d section subjects all persons who violate the enactment to fine and imprisonment.

"The 74th section enacts that all licenses granted after the 1st day of May in any year, shall continue in force *until the 1st day of May in any year next succeeding.*"

The 53d section of the same act provides that any person required by law to be licensed as a distiller, before distilling any spirits, shall, in addition to what is required by other provisions of law, make an application for a license to the assessor of the district; and that before the same is issued the person applying shall give bond with surety conditioned that he will render to the assessor, on the certain days of each month, *during the continuance of the license,* an exact account of the number of gallons of spirits distilled, &c., and that he will pay to the collector the duties on them.

And the 94th section provides that "distillers of coal oil shall be subject to all the provisions of laws applicable to distillers of spirits with regard to licenses, bonds, &c., and all other provisions designed for the purpose of securing the payment of duties, so far as the same may, *in the judgment of the Commissioner of Internal Revenue, and under regulations prescribed by him,* be deemed necessary for that purpose."

The act of June 30th, 1864—which is one of great length, and contains a hundred and eighty-two sections, some of them with numerous subdivisions and schedules—repeals a prior act of July 1st, 1862, with a title similar to its own.

With this statute of 1864 in force, Smith got a license as a distiller of coal oil on the 27th May, 1865, and gave bond with surety conditioned that he, Smith, should conform to all the provisions of an act entitled "An act to provide internal revenue," &c., approved July 1st, 1862, and of *such*

---

* 13 Stat. at Large, 248; and see § 79, art. 19.

*other act or acts as were then or might thereafter be in that behalf enacted.*

Upon suit brought by the United States against him and his surety in the court below, for breaches of the condition of the bond at various times during the months of *June and July,* 1866, the judges there were divided in opinion upon the question whether he or his surety were liable for any breach after the 1st of May, 1866; to wit, after the expiration of the license granted to them in May, 1865.

*Mr. Hoar, Attorney-General, and Mr. Field, Assistant Attorney-General, for the United States; Mr. Wills, contra.*

Mr. Justice GRIER delivered the opinion of the court.

The act of July 1st, 1862, has been inserted in the bond *ex majori cautela;* for it is admitted that the act of June 30th, 1864, entitled "An act to provide internal revenue, to support the government, to pay the interest on the public debt, and for other purposes," is the only act applicable to this case. The act of 1862 was repealed by it.

As might be expected in an act embracing the almost innumerable subjects of taxation contained in this one, and covering more than seventy pages of the statute-book, provisions may probably be found in one part of it difficult to be reconciled with some contained in other parts. Yet, when carefully examined, we find no difficulty in answering the question proposed.

The seventy-first section of the act is the one which prescribes the conditions under which licenses shall be given.

The seventy-third section subjects all persons who neglect it, to fine and imprisonment.

The seventy-fourth section fixes the limit to the license, beyond which time the parties to the bond are not bound to answer for any breach of the condition.

The provisions of the fifty-third and ninety-fourth sections of the act, which subject distillers of coal oil to the provisions of the act applicable to the distillers of spirits, " so far as the same may, in the judgment of the Commissioner of

Internal Revenue, be deemed necessary," have no application to the point. The commissioner has exercised no judgment, and prescribed no regulations on the subject, so far as appears. The bond has no reference to such conditions as are required in distillery bonds, and cannot be affected by them. " 'Tis not so written in the bond."

ORDERED that it be certified to the judges of the Circuit Court, in answer to the question submitted, that the defendants are

NOT LIABLE.