## LOWELL MANUF'G CO. v. HOGG.

(Circuit Court, D. Massachusetts. December 3, 1895.)

1. DESIGN PATENTS—INFRINGEMENT — MARKING "PATENTED"—PLEADINGS AND PROOF.

Where a bill for infringement of a design patent fails to allege that the articles were marked "Patented," and the answer makes no denial of the fact, it is still open to defendant to make that defense, not only in respect to the penalties prescribed by the act of February 4, 1887 (24 Stat. 387), and damages, but also in respect to an accounting of profits. Dunlap v. Schofield, 14 Sup. Ct. 576, 152 U. S. 244, and Coupe v. Royer, 15 Sup. Ct. 199, 155 U. S. 565, applied.

2. SAME—AMENDMENTS TO BILL.

Where infringements were not willful, were few in number, and were discontinued upon notice of complainant's claims, the court declined, after final hearing, to permit an amendment to the bill by inserting an allegation that complainant's articles were marked "Patented."

This was a bill in equity by the Lowell Manufacturing Company against William J. Hogg for alleged infringement of a design patent.

Witter & Kenyon, for complainant.
Louis W. Southgate, for defendant.

PUTNAM, Circuit Judge. This is a bill in equity based on the infringement of a patent for a design. It prays for an injunction, for the enforcement of the penalties imposed by the act of February 4, 1887 (24 Stat. 387), for profits in excess of those penalties, and for damages. The bill failed to allege that the patented articles were marked as provided by sections 4900 and 4933 of the Revised Statutes, and the answer made no denial of this fact. Apparently, under Rubber Co. v. Goodyear, 9 Wall. 788, 801, the point could not be taken by the defendant, so far at least as applies to an accounting for profits. But this case was explained in the later case of Dunlap v. Schofield, 152 U. S. 244, 249, 14 Sup. Ct. 576, and under it and Coupe v. Royer, 155 U. S. 565, 583, 15 Sup. Ct. 199, it is open to the defendant here, so far at least as concerns the damages and penalties claimed. The principle applies as well to an accounting for profits, which, after all, is only one form of damages. The discussion in Rubber Co. v. Goodyear, where only profits were involved, went on this theory, and the same with Sessions v. Romadka, 145 U. S. 29, 49, 12 Sup. Ct. 799.

The defendant does not deny that the complainant is entitled to an injunction, but maintains that it is not entitled to the other relief prayed for, by reason of the want of allegations and proofs with reference to sections 4900 and 4933; and, as the record stands, the case on this point is with him. The complainant, however, now moves that the record be reopened to enable it to offer proofs that it complied with section 4900. Waiving the questions whether this would be effective without also amending the bill, and whether equity can enforce the penalties sought to be recovered, we cannot grant this motion. The answer denies that the defendant infringed after he had actual knowledge of the existence of the patent, and, under the circumstances of the case, we are not satisfied that his infringements were willful. They were few in number and within a period of four

months after the patent was issued.    On receiving notice of the complainant's claims, he acquiesced in them.  All substantial controversy is ended.    Even if equity can enforce the penalties, it would not be within its policy to permit amendments at this late stage for that purpose.    Therefore we will dispose of the case as presented to us at the final hearing.

Let there be a decree for an injunction, with costs for the complainant.