## LORAIN STEEL CO. v. NEW YORK SWITCH & CROSSING CO.

### (Circuit Court, D. New Jersey. April 15, 1907.)

1. Patents — Suit for Infringement — Right to Recover Damages and Profits.

Under Rev. St. § 4900 [U. S. Comp. St. 1901, p. 3388], which makes it the duty of a patentee to give notice of his rights by marking the patented article, and precludes the recovery of damages for infringement, except on proof that defendant was duly notified of the infringement and continued to infringe thereafter, the burden rests on the complainant, in a suit for infringement, to allege and prove such notice either to the public generally by such marking of the patented article, or by direct notice to the defendant, and in the latter case neither damages nor profits are recoverable except for infringements after such notice was given.

2. Same—Notice of Infringement.

Where a bill for infringement of a patent admitted that complainant had made and vended the patented articles without any averment that they were marked, as required by Rev. St. § 4900 [U. S. Comp. St. 1901, p. 3388], but alleged that defendant was notified of its infringement, and continued to infringe thereafter, without, however, giving the date of such notice, an admission of such notice by defendant by failing to deny it in the answer did not relieve complainant from the burden of proving the date, and, where that question was not adjudicated by an interlocutory decree finding infringement and directing an accounting, such date must be proved before the master to afford any basis for an accounting.

[Ed. Note.—Accounting by infringer for profits, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.]

In Equity. On exceptions to master's report on accounting.

Harding & Harding (George H. Parmelee, of counsel), for complainant.

A. G. N. Vermilya (Charles G. Coe, of counsel), for defendant.

CROSS, District Judge. The bill of complaint in this case was filed November 29, 1899. The defendant answered the bill, and such proceedings in the suit were subsequently taken as resulted, September 14, 1903, in an interlocutory decree which sustained the validity of the complainant's patent No. 539,878, found that the defendant has infringed the same, particularly the first and second claims thereof, and granted a perpetual injunction restraining the defendant from further infringement. It also contained the usual order of reference to a master to take an accounting. 124 Fed. 548. Under said interlocutory decree, the master proceeded with the accounting thereby directed, and on June 27, 1906, filed his report, by which he found that there was due to the complainant the sum of $12,091.73 for its profits and damages arising from the defendant's infringement of the complainant's rights under said patent. To this report of the master, the defendant has filed 46 exceptions. Exceptions 1, 2, 3, 4, 45, and 46 are fundamental, and will be first considered. They are as follows:

"First Exception. Said master failed to find that complainant did not allege or prove that it ever marked its goods as provided by Rev. St. § 4900 [U. S. Comp. St. 1901, p. 3388], in such case made and provided.

"Second Exception. Said master failed to find that on or about November 14, 1899, said complainant notified defendant that it was infringing the patent in suit.

"Third Exception. Said master failed to find that defendant neither made, nor sold, nor used, any infringing articles after the giving by complainant of the notice aforesaid.

"Fourth Exception. Said master failed to find that under Rev. St. § 4900, complainant was not entitled to any damages or profits for the infringement defendant was decided to have committed, for the reason that it was before the giving of the notice aforesaid, all of which he should have found."

"Forty-Fifth Exception. The fourth exception is repeated, omitting the words 'or profits.'

"Forty-Sixth Exception. The fourth exception is repeated, omitting the words 'damages or.' "

For the purpose of easy reference, section 4900, Rev. St., is set forth at length:

"It shall be the duty of all patentees, and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented; either by fixing thereon the word 'patented,' together with the day and year the patent was granted; or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice; and in any suit for infringement, by the party failing, so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use or vend the article so patented."

The bill of complaint, while admitting that the complainant had put the invention to practical use, did not allege that the patented articles were marked pursuant to the statute. The bill was silent in this respect, but, as to the notice of infringement thereby enjoined, made this averment:

"And your orator further shows unto your honors that the said respondent was notified of the said letters patent No. 539,878, and its infringement thereof, and said respondent continued thereafter to infringe said letters patent."

The defendant by its answer did not expressly deny notice, but did deny that it had ever at any time infringed any of the complainant's lawful rights in the premises, in and to said letters patent, or that it had ever at any time made, constructed, used, or vended, or that it had ever at any time made, sold, or used, any article embodying said invention. This denial was tantamount to saying that the defendant had never, either before or after notice, infringed the complainant's rights. Upon the issue of infringement, however, the decree of the court was adverse to the defendant; but, in the absence of any specified date of infringement, either alleged in the bill or found as a fact by the decree, its adjudication of infringement was referable to any date subsequent to the issue of the patent. Upon the question of notice, the situation presented was this: The complainant alleged notice, but did not allege any specific day or date when it was given. The allegation of the bill in this respect required an answer, and the defendant contends that it was fully answered by the statement that it never at any time infringed; but, without admitting the correctness of this position, it seems clear that the defendant's failure to answer constituted, at most, an admission of notice. An admission by default in pleading, however, cannot be broader than the unanswered allegation. Since, therefore, the averment contained no specific date or time when notice was given, the admission must be taken to be simply

of notice, but not of notice as of any particular time. The burden of proof, under the statute, still rested upon the complainant to establish the date when the alleged notice was given. This admittedly it has not done. It claims, however, that proof thereof has been waived by the defendant, or at least that under the circumstances such proof was not required, and in support of its position relies upon the case of Rubber Company v. Goodyear, 9 Wall. 788, 801, 19 L. Ed. 566. In that case, the court, after reciting the statute, said:

"It is said that the bill contains no averment on this subject, and that the record is equally barren of proof that any such notice was ever given to the defendants, except by the service of process, upon the filing of the bill. Hence it is insisted that the master should have commenced his account at that time, instead of the earlier period of the beginning of the infringement. His refusal to do so was made the subject of an exception. The answer of the defendants is as silent upon the subject as the bill of the complainants. No such issue was made by the pleadings. It was too late for the defendants to raise the point before the master. They were concluded by their previous silence, and must be held to have waived it. It cannot be considered here."

It will be observed that in that case no issue was made by the pleadings, and the point was first raised before the master, which was held to be too late. In the case at bar, there were no such laches. The issue was raised in the pleadings, and the only material matters decided by the interlocutory decree were the ownership and validity of complainant's patent and its infringement by the defendant, with a reference to a master to take an account of the complainant's profits and damages, which meant, and could only mean, such as it was legally entitled to. It certainly did not mean that, at all events, and whether legally or illegally, the master must find some amount in favor of the complainant. Counsel for the parties, upon the argument, admitted that the point under consideration was raised before the court when the interlocutory decree was settled, and that such was the fact also appears in the record in complainant's answer to defendant's exceptions; but it manifestly was not adjudicated, and I find nothing in that decree which required the master to do anything unlawfully, or which bars the defendant's right to his exceptions.

In Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426, after reciting section 4900, Rev. St., Mr. Justice Gray, speaking for the court said, at page 247 of 152 U. S., page 577 of 14 Sup. Ct. (38 L. Ed. 426):

"The clear meaning of this section is that the patentee or his assignee, if he makes or sells the article patented, cannot recover damages against infringers of the patents, unless he has given notice of his right, either to the whole public by marking his article 'patented,' or to the particular defendants by informing them of his patent and of their infringement of it. One of these two things, marking the articles, or notice to the infringers, is made by the statute a prerequisite to the patentee's right to recover damages against them. Each is an affirmative fact, and is something to be done by him. Whether his patented articles have been duly marked or not is a matter peculiarly within his own knowledge; and, if they are not duly marked, the statute expressly puts upon him the burden of proving the notice to the infringers, before he can charge them in damages. By the elementary principles of pleading, therefore, the duty of alleging, and the burden of proving, either of these facts, is upon the plaintiff."

And later, after referring to the case of Rubber Company v. Goodyear, supra, adds:

"In that case, as appears in the passage just quoted from the opinion, not only was there no averment in the bill or in the answer on the subject of marking or of notice, but no objection to the want of proof of either fact was made by the defendants at the original hearing in the Circuit Court, as appears by its opinion reported in 2 Cliff. 351, Fed. Cas. No. 5,583."

Dunlap v. Schofield is quoted and approved in Coupe v. Royer, 155 U. S. 584, 15 Sup. Ct. 199, 39 L. Ed. 263. See, also, McComb v. Brodie, Fed. Cas. No. 8,708, 1 Woods, 153. The word "damages" of the statute, moreover, includes profits. Lowell Mfg. Co. v. Hogg (C. C.) 70 Fed. 787.

I think the burden of proof was on the complainant in this case to establish infringement after notice, and that it is only entitled to such damages and profits, if any, as may appear to have accrued after notice shall have ·been established, since it was neither alleged nor proved that the complainant's product was marked, although it plainly was of a character susceptible of marking under the statute.

As has already been stated, the point under consideration was raised before the court, and is directly raised by several exceptions, and it was also raised before the master. The complainant, however, submitted no proof whatever on the question of notice; but the defendant in its case did. It offered evidence intended to show that the first notice that it ever received of the complainant's patent, or of its rights thereunder, was given on the 14th day of November, 1899, while the bill of complaint herein was filed on the 29th day of that month. The evidence thus offered by the defendant was objected to at the time by the complainant, and on its motion was overruled and stricken out by the master, which action by the master was duly excepted to by the defendant. It is unnecessary to determine whether the ruling of the master was correct or not, since in my view the burden of proof rested upon the complainant in any event, and, when it failed to make such proof, it by its own default virtually nullified the accounting. The action of the master in striking out the testimony, however, does not help the complainant's case, since it leaves it without any proof whatever as to the time of notice, or, indeed, of any notice other than such as arose from the filing of the bill of complaint; while, on the other hand, if the ruling of the master was incorrect, and the testimony stricken out had been allowed to stand, there would have been affirmative and uncontradicted proof before the court, from which it would have appeared that the last infringing act of the defendant was committed on October 7, 1899, while the defendant had no notice of the complainant's rights, until November 14th or 15th of the succeeding November. Although unnecessary to this decision, I will, nevertheless, say that in my opinion the evidence of notice offered by the defendant should have been allowed to stand, as it had the right to safeguard its rights in every proper way, and to controvert the complainant's case at every point.

As I have already said, I think it was necessary for the complainant to have shown, in view of the statute, and under the circumstances of this case, that the infringing acts were committed subsequent to

notice, and, as no such proof was submitted, the exceptions above considered are sustained, with the result that the findings of the master must be set aside. If, however, the complainant desires to submit proof upon the question of notice, and will so signify within 20 days, the matter will be referred back to the master for that purpose not only, but also for the purpose of taking such other and further proofs as may thereby be rendered necessary to show any loss of profits and damages it sustained after such notice, with instructions to the master to report accordingly.