MORTON TRUST CO. et al. v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court, D. New Jersey. May 29, 1908.)

1. PATENTS—SUIT TO ENJOIN INFRINGEMENT—NECESSITY OF NOTICE OF PATENT.
Rev. St. § 4900 (U. S. Comp. St. 1901, p. 3388), requires patented articles to be marked or notice of the patent to be given to a defendant only as a prerequisite to the recovery of damages for its infringement, and such notice is not essential where the only purpose of the suit is to enjoin future infringements.

2. SAME—INFRINGEMENT—HOPPER-BOTTOM CAR.
The Schoen patent, No. 647,907, for a hopper-bottom car, claim 1, was not anticipated and discloses invention; also held infringed.

3. SAME—SUIT TO ENJOIN INFRINGEMENT—EQUITY JURISDICTION.
The fact that the device of a patent has never gone into commercial use does not preclude the owner of the patent from maintaining a suit in equity to enjoin its infringement.

In Equity. On final hearing on pleadings and proofs.

William C. Strawbridge, Charles Neave, and Thomas W. Bakewell, for complainants.

Paul Bakewell and Frederick R. Cornwall, for defendant.

LANNING, District Judge. This case is on a bill alleging infringement of patent No. 647,907, granted April 17, 1900, to Pressed Steel Car Company, one of the complainants, as assignee of Charles T. Schoen. The patent is for an improvement in hopper-bottom cars. The defendant insists that the injunction prayed for must be denied, because there is no proof that notice was ever given to the public or to the defendant that the hopper-bottom car described in the patent in suit was ever patented. There is an allegation in the bill of complaint that:

"The Pressed Steel Car Company caused notice to be given to the public in general, and to the said defendant in particular, of the said letters patent, and the infringement herein complained of, and of the rights of your orators in the premises, requesting the said defendant to desist and refrain therefrom, but that, in total disregard of the said notice, the said defendant has refused to desist from said infringement, and is continuing and threatening to continue to infringe the said letters patent, and upon the exclusive rights of your orators in the premises."

Assuming this allegation to be a material one, the complainants were entitled to an answer by the defendant "according to the best and utmost of its knowledge, remembrance, information, and belief." See Story's Eq. Pl. §§ 845, 854. The prayer of the bill is that it should so answer. The defendant answered the allegation as follows:

"Defendant is not advised, except by the allgations of the bill of complaint herein, that Pressed Steel Car Company, or the complainants herein, or either of them, has or have caused notice to be given to the public in general, and to this defendant in particular, of the said letters patent No. 584,709, of the alleged infringement herein complained of, and of the alleged rights of the complainants in the premises, or that the complainants, or either of them, have requested the defendant to desist and refrain from said alleged infringement; and therefore defendant denies all such allegations in the bill of complaint herein, and requires strict proof in regard thereto on behalf of complainants."

It will be observed that the defendant has not denied that it has no knowledge, information, or belief concerning the truth of the allegation. It simply says that it has not been advised concerning the matter. It therefore has failed to aver anything upon which it can intelligently base a denial of the truth of the allegation. If it has no knowledge, information, or belief on the subject, it should have so declared, and the effect of that declaration would have been to put the complainant on proof of the allegation, if it be a material one in the case. The Holladay Case (C. C.) 27 Fed. 830, 841.

But, waiving this point, and waiving, also, the point that the answer refers to patent No. 584,709, while the patent in suit is No. 647,907, on which points nothing was said on the argument, and assuming the answer to be in good form, the weight of authority is to the effect that no notice is necessary, where the object is merely to secure an injunction to restrain the defendant from future infringement. Section 4900 of the Revised Statutes (U. S. Comp. St. 1901, p. 3388) seems to require notice only as a prerequisite to a recovery of damages. New York Pharmical Association v. Tilden (C. C.) 14 Fed. 740; Horn v. Bergner (C. C.) 68 Fed. 428; Goodyear v. Allyn, Fed. Cas. No. 5,555, 6 Blatchf. 33; Anderson v. Monroe (C. C.) 55 Fed. 398. Whether, if a decree for injunction be allowed in this case, the complainants may also, in view of the present state of the pleadings and the principles laid down in Rubber Company v. Goodyear, 9 Wall. 788, 19 L. Ed. 566, Dunlap v. Schofield, 152 U. S. 247, 14 Sup. Ct. 576, 38 L. Ed. 426, and Lorain Steel Co. v. N. Y. Switch & Crossing Co. (C. C.) 153 Fed. 205, have included in the decree a provision for an accounting, is a question that has not been argued and should not now be decided.

Claim 1 of the patent in suit, which is the only one that the complainant relies on, reads as follows:

"In a double hopper-bottom car, an underframe constructed without side sills and comprising bolsters, end sills, draft-rigging beams interposed between the bolsters and sills, and center sills arranged between the longitudinal center of the car and its sides and out of alignment with the draft-rigging beams and secured to the bolsters, thereby leaving a clear space in the middle of the car for the projection of the hopper-chutes through the underframe, substantially as described."

The defendant manufactures and sells double hopper-bottom cars whose underframes comprise all the elements mentioned in the above-quoted claim. The defendant contends, however, that its underframes also comprise side sills, and therefore that there is no infringement. The complainants insist that the defendant's underframes have no side sills. This is the only disputed question concerning the alleged infringement. My examination of the model of the defendant's structure and of the evidence on the point satisfies me that the defendant's structure has nothing that can properly be called side sills. The side sills of the underframe of a car are intended to support or help to support the weight of the superstructure. The patent in suit discloses an underframe without side sills and a car so constructed that its weight, whether loaded or empty, is so largely borne by the center sills that there is no need of side sills. The model of the defendant's car shows an angle iron running along the bottom of each side of the car. This angle iron, the defendant says, is a side sill. To it the sides of the car are riveted. The floors of the car slope from the ends downwards to the bolsters and from the sides downwards to the center sills. These floors and the sides of the car are riveted to braces which rest on the center sills. I have no doubt that the center sills of the defendant's structure serve the same purpose as the center sills of the patent in suit. The angle iron running along the bottom of the sides of the defendant's car is so light, especially between the bolsters, where there is great need of strength in the underframe, that it is impossible to believe it fulfills to any appreciable extent the function of a side sill. All it does, I think, is to aid in stiffening the sides of the car by reinforcing its lower edge, just as in the patent in suit the side of the car is stiffened and reinforced by turning in the lower edge of the side and riveting it to portions of the underframe. The stipulation of the parties to this suit, printed in the record, in which the angle irons are referred to as side sills, does not require the court to conclude that they are side sills, for it contains also a provision that, while the defendant contends that the angle irons are side sills, the complainants insist that they are not. To my mind infringement seems clear.

Nor do I think the claim sued on is invalidated by the prior art. Defendant cites the Cook patent, No. 126,029, as one showing a car without side sills. It is true that nothing is said in the patent about side sills, but I agree with the complainants that a side sill is shown in Fig. 1 of the patent. Besides, claim 1 of the patent in suit was at first rejected in the Patent Office; the Cook patent being cited against it. At that time the claim omitted the words "constructed without side sills and," which it now contains. The claim was amended by inserting those words, and the Patent Office then allowed it. This shows that that office did not regard the Cook patent as describing a car having no side sills. The defendant admits that the Hughes patent, No. 425,-517, is constructed with side sills. The Hersee patent, No. 267,078, is entirely unlike the complainants' structure. It has no bolsters of any kind, and consequently no "draft-rigging beams interposed between the bolsters and (end) sills." The Meatyard patent, No. 293,265, has no bolsters and no center sills out of alignment with draft-rigging beams. The Fox English patent, No. 11,017 of 1888, has side sills.

The Calthrop English patent, No. 1,066 of 1896, has no "draft-rigging beams interposed between the bolsters and (end) sills," and in its general construction differs widely from the structure described in claim 1 of the patent in suit. The Livesey English patent, No. 15,794 of 1898, has side sills. The article published in the Railroad Gazette in 1897, and the drawings embodied therein, show an underframe with center sills too close together to permit the load to be dumped between them. It describes, also, the side sills shown by the drawings and the manner of their construction. These are all of the references in relation to the prior art discussed either in the brief of the defendant's counsel or in his oral argument. The specification of the patent in suit declares that the invention therein described has for its objects:

"First, the adaptation of the underframe to double-hopper bottoms; second, the peculiar inclination of the bottom of the body, so as to divide the load and provide for its ready discharge, and thereby facilitate unloading; and, third, to provide means for simultaneously operating the doors of the double-hopper bottoms and thus expedite the unloading of the car and the subsequent closing of the doors."

The structure described in claim 1 of the patent in suit bears an intimate relation at least to the first and second of these objects. I think the claim discloses invention and that the record does not disclose anticipation.

The last of the defendant's objections is that the complainants have failed to prove that the structure described in claim 1 of their patent was put into commercial use before the filing of their bill of complaint, or why it was not put into such use, and therefore that they are not entitled to equitable relief by way of injunction. This point has been elaborately argued on both sides. It seems never to have been passed on by the Supreme Court. The weight of authority in the inferior courts of the United States is against the position assumed by the defendant. See Continental Paper Bag Co. v. Eastern Paper Bag Co., 150 Fed. 741, 80 C. C. A. 407, and the cases cited at the top of page 744.

Infringement will be decreed, and an injunction allowed.