LORAIN STEEL CO. v. NEW YORK SWITCH & CROSSING CO.

(Circuit Court of Appeals, Third Circuit.  January 24, 1911.)

No. 1,362.

PATENTS (§ 311*)—SUIT FOR INFRINGEMENT—RIGHT TO RECOVER PROFITS AND DAMAGES—VARIANCE BETWEEN ALLEGATIONS AND PROOF AS TO NOTICE.

The owner of a patent who alleges in a bill for its infringement that he has put his patented improvement to practical use, and has always been ready to supply it to the public, and that except for the infringement complained of he would be in the receipt of the profits therefrom, and, further, that defendant continued infringement after notice, cannot be allowed, after his patent has been sustained and an injunction to restrain further infringement awarded, to shift his ground of complaint on the accounting before the master by claiming that he had never made nor sold the patented article, and therefore it had never been marked as required by Rev. St. § 4900 (U. S. Comp. St. 1901, p. 3388), and to recover profits and damages notwithstanding the want of such notice.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 311.*]

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by the Lorain Steel Company against the New York Switch & Crossing Company.  From a decree (124 Fed. 548) awarding complainant nominal damages only, it appeals.  Affirmed.

Clarence D. Kerr, Charles MacVeagh, and Charles C. Linthicum, for appellant.

A. G. N. Vermilya, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge.  The Moxham patent, No. 539,878, for railway switch work, dated May 28, 1895, was adjudged valid and infringed, and an accounting for profits was ordered, in this suit, by an interlocutory decree entered in the Circuit Court September 14, 1903. The opinion on which the decree was based is reported in 124 Fed. 548. The accounting having been taken, exceptions were filed, and several of them sustained in an opinion reported in 153 Fed. 205.  The exceptions sustained were to the effect that there was no proof of such notice as is required by section 4900 of the Revised Statutes (U. S. Comp. St. 1901, p. 3388), and, consequently, no proof of infringement after notice.  The court, however, closed its opinion with the statement that if the complainant desired to submit proof upon the question of notice, the matter would be referred back to the master not only for that purpose, but also for the purpose of taking such other and further proofs as should thereby be rendered necessary to show any loss of profits sustained by it after notice.  Thereupon an order was entered "that the

case be referred back to the master to enable the complainant to submit proof in accordance with the decision of the court."

The further proof taken by the complainant did not relate to any notice. Its purport was to the effect that the complainant never manufactured or sold the patented devices, and, therefore, that the requirement of section 4900 concerning the marking of patented articles was inapplicable. The master, in a supplemental report, so concluded. On exceptions to the supplemental report, the Circuit Court decided that the additional evidence did not conclusively prove that the complainant had never manufactured or vended the patented devices, that it was not within the scope of the order permitting additional testimony to be taken, and that, in any event, the additional proofs were contrary to the allegations of the bill of complaint. Accordingly, a final decree was entered sustaining the exceptions, setting aside the findings of the master, and awarding nominal damages only to the complainant. This decree is now before us.

In its bill, the complainant, after setting forth the grant of the patent in suit to Moxham and its assignment to the complainant, alleges "that it has applied the said improvements to practical use, and has always stood ready and now stands ready to supply any and all demands of the public for said improvement, and but for the infringement herein complained of, and others of like character, your orator would still be in the undisturbed possession, use, and enjoyment of the exclusive privileges secured by said letters patent and in receipt of the profits of the same." It also alleges "that the respondent was notified of the said letters patent No. 539,878, and its infringement thereof, and said respondent continued thereafter to infringe said letters patent." Notwithstanding the first of these allegations, the only witness called by the complainant under the order to take supplemental proofs before the master declared that the complainant had never manufactured or sold a structure of the kind described in the patent. The pivotal question in the case, therefore, is, May the owner of a patent who alleges in his bill of complaint that he has put his patented improvement to practical use, that he has always been ready to supply it to the public, and that, except for the infringement complained of, he would be in the receipt of the profits therefrom, and who alleges, further, that the defendant continued infringement after notice, be allowed, after his patent has been sustained and an injunction to restrain further infringement awarded, to shift his ground of complaint on the accounting before the master by saying, in effect:

"The allegations of my bill are not true. I never made or sold my patented article. I never put it to practical use. I never gave the notice required by section 4900 because none of my patented articles have been in existence to be marked as that section prescribes. I stand now on the ground that section 4900 is inapplicable to my case, and that I am entitled to an accounting for profits and damages notwithstanding I have never made or sold my patented article or given any notice whatever."

We think such a contention cannot be sustained. It was well said by Judge Cross in his memorandum opinion sustaining the exceptions to the master's supplemental report that "the allegata et probata must agree." Doubtless, in the present case, the complainant was entitled

to an injunction restraining further infringement. It was entitled to that relief whether it made use of its patent or not. See Paper Bag Patent Case, 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122. What right of recovery of profits or damages the complainant might have had, if in its bill it had substituted for the allegations above quoted allegations showing that it had locked up its patent and had not used it, we need not consider. It is sufficient for us at present to say that the defendant was not called on by the bill to defend against the complainant's present contention.

The decree of the Circuit Court will be affirmed, with costs.