CHURCHWARD INTERNATIONAL STEEL CO. v. BETHLEHEM STEEL CO. (CARNEGIE STEEL CO., Intervener).

(District Court, E. D. Pennsylvania. December 24, 1919.)

No. 1491.

1. Patents ⊙⟿222—Damages for infringement not recoverable where article not marked.

Rev. St. § 4900 (Comp. St. § 9446), providing that patentees and all persons making or vending any patented article, who fail to mark it as therein required, may not recover damages in a suit for infringement, except on proof of notice to defendant and subsequent infringement, applies to all patentees, and is not limited to those who make or vend the patented article.

2. Patents ⊙⟿222—Profits from infringement must be accounted for, although article was not marked.

Rev. St. § 4900 (Comp. St. § 9446), providing that patentees, who fail to mark the patented article as therein required, shall not recover damages in a suit for infringement, except on proof of notice to defendant and subsequent infringement, does not relieve an infringer without notice from accounting for profits in equity.

In Equity. Suit by the Churchward International Steel Company against the Bethlehem Steel Company, with intervention by the Carnegie Steel Company. On settlement of decree.

See, also, 260 Fed. 962.

Charles H. Duell, Frederic P. Warfield, and Holland S. Duell, all of New York City, for plaintiff.

Fraley & Paul, of Philadelphia, Pa., and Charles Neave and Clarence D. Kerr, both of New York City, for defendant.

R. V. Lindabury, of Newark, N. J., Henry P. Brown, of Philadelphia, Pa., and D. Anthony Usina, of New York City, for intervener.

DICKINSON, District Judge. The motion now before the court relates wholly to the form of decree, which is appropriate, following

⊙⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

findings which were made by the court as expressed in the opinion handed down.

The question involved in the framing of this decree is whether it should be confined to the awarding of an injunction, with costs and nominal damages, or whether there should be also an accounting for profits. The position of the defendant is that R. S. § 4900 (Comp. St. § 9446), applies to plaintiff, and denies profits as well as damages. The position of the plaintiff is that R. S. § 4900, does not apply, because this plaintiff has not made and vended the patented article and further that, if the section does apply, it denies such damages as could be recovered at law, but does not deny profits for which an accounting is allowed in equity.

These suggested questions are not as simple, nor open to as easy answer, as at first sight they would seem to be. The first inquiry is whether these questions have been already authoritatively settled. Counsel for defendant relies upon the ruling made by Judge Mayer in Gibson v. American, reported (on appeal) in 234 Fed. 633, 148 C. C. A. 399. This ruling was based upon that of Judge Dallas in National v. Belcher (C. C.) 68 Fed. 665, and on appeal in 71 Fed. 876, 18 C. C. A. 375, and upon Lorain v. Switch Co., 184 Fed. 301, 106 C. C. A. 443. As these cases were before the Circuit Court of Appeals for this circuit, if the statement that they rule the present questions can be accepted, the questions are no longer open ones.

In the Belcher Case, however, there were several patents before Judge Dallas, the validity of some of which he had upheld; others he had held to be void. The assignment of error related only to this latter ruling. The decree in this respect was reversed. The ruling which he had also made, that R. S. § 4900, denied the right to profits, as well as damages, was not before the Court of Appeals, and was not mentioned.

The Lorain Case was several times before the court. It is first reported in 124 Fed. 548. There is nothing to indicate that any point was made of R. S. § 4900. The case appears again in 153 Fed. 205, on exceptions to the report of the master, who had allowed both damages and profits, notwithstanding R. S. § 4900. The only point made, however, was with respect to the fact of notice, and the case was sent back to the master to find this fact.

The only direct reference to the questions before us is the isolated, unconnected statement, based upon Lowell v. Hogg (C. C.) 70 Fed. 787, that the denial of the right to damages in R. S. § 4900, includes profits. The plaintiff by his bill had averred compliance with R. S. § 4900. When the case was back before the master he shifted his ground by saying that his averment of notice was wrong, but that R. S. § 4900, did not apply because he had never made or vended. The master supported this view, and again allowed both damages and profits. Exceptions were sustained, and neither damages nor profits allowed. The Court of Appeals in 184 Fed. 301, 106 C. C. A. 443, affirmed this decree, but placed the affirmance solely on the ground that the plaintiff was held to the issue of notice which he had raised,

and were careful to say that what the plaintiff might otherwise have recovered either by way of "damages or profits" was not decided.

This certainly means that the question of whether R. S. § 4900, applied was still open, and carries the further implication that its meaning was also an open question. This conclusion is supported by the disposition made of later cases. In Rollman v. Universal (D. C.) 207 Fed. 97 (upon which defendant relies), the questions now raised were met and ruled. The ruling was made without the previous ruling of Judge Dallas or the Lorain Case having been called to the attention of the court. No appeal was taken in the Rollman Case.

In the subsequent case of Sharpless v. Lawrence, 213 Fed. 423, 130 C. C. A. 59, however, the court had made a decree awarding damages, but saying nothing of profits. This decree was, on appeal, affirmed. When the case went back, the question arose of whether the use of the word "damages" limited the right of recovery to the meaning of damages as a legal term, and hence to compensation for injuries sustained or whether it was used as a generic word, implying the money award to which plaintiff was entitled in equity, and hence might include profits as well as damages.

The ruling of Judge Dallas, in the Belcher Case, was then relied on as authority for the proposition that damages included profits. As Judge Dallas had so ruled, and although this ruling had not been reviewed by the Court of Appeals, as it had not been reversed, the court felt bound to follow it, notwithstanding the ruling in the Rollman Case. This was because the Rollman Case would have been otherwise ruled if the Belcher Case had been cited. The plaintiff was accordingly allowed profits. This decree was reversed on the specific ground that the word "damages" was a legal term, having attached to it the meaning of compensation for injuries sustained, and could not be expanded into a generic word, covering everything for which a plaintiff might recover in equity.

It is true that R. S. § 4900, was not before the court, but inasmuch as the court held that the word "damages," when used in a decree, was limited to its meaning of the recovery allowed in actions at law, and did not include the profits which might be allowed in equity a fortiori it has that meaning as used in R. S. § 4900. This is because R. S. §§ 4900, 4919, and 4921 (Comp. St. §§ 9446, 9464, 9467), all relate to the same general subject. R. S. § 4919, recognizes the damages which may be recovered in actions at law, and allows them, and statutory damages, also; R. S. § 4921, recognizes the difference in the basis and measure of recovery allowed in equity, thus permitting profits to be recovered, and allows this, and also allows, in addition, the damages which could be recovered at law; and R. S. § 4900, denies to patentees, who have not given notice the right to recover damages, but does not deny to them the right to profits.

The inference we are prompted to draw is that the word "damages" in R. S. § 4900, means damages, and does not mean or include profits. It follows, as a consequence, that we are bound to accept the ruling in the Rollman Case and reject that in the Belcher Case.

Sharpless v. Lawrence, as we view it, ends all discussion of the

main question; but as the very capable counsel for defendant deems the question to have been ruled otherwise by the Supreme Court, and as Judge Mayer has followed the cases which do rule otherwise, we will consider the question as still an open one, at the expense of drawing out this opinion to undue length. It is to be kept in mind that Judge Mayer accepted and followed the ruling of Judge Dallas, without having the Rollman or Sharpless Case before him.

[1] The first question of the application of R. S. § 4900, may be disposed of by the statement that the statute applies to all patentees who have not given notice. This is clear from a review of the legislation. This provision began with Act Aug. 29, 1842, c. 263, 5 Stat. 543, which required all patentees who made and vended to mark the patented articles, and carried a fine penalty for not so doing. This was followed by Act March 2, 1861, c. 88, 12 Stat. 246, which contained the same requirement, and denied the right to damages unless notice was given. It is to be observed that both these acts were limited to patentees who made and vended. Then came Act July 8, 1870, c. 230, 16 Stat. 198, which extended the provision to all patentees, and to persons who made and vended, and the same phraseology is found in R. S. § 4900, as we now have it.

There are a number of cases which rule that the statute does not apply to process patents, because there is no patented article made or vended; but these cases will be found to have been so ruled before the act of 1870, or to have been ruled on the authority of these prior cases, without the change in the statute having been noted.

[2] Upon the main question we have a number of cases so large that even the listing of them is impracticable. We dismiss many to which we have been referred, with the comment, often made and as often disregarded, that judicial expressions must always be read in the light of the fact situation to which they refer. Globe v. Segal (D. C.) 239 Fed. 322, is an illustration. Obviously the quotation given us has no reference to the present question, but is merely a statement of the position of counsel that equity has no jurisdiction, when nothing is involved except the recovery of damages.

We can deal only with a few of the cited cases. Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664, has no direct bearing. It was a proceeding in equity, in which both damages and profits were allowed. R. S. § 4900, was not involved, as no question of notice was raised. The case is usually cited as authority for the distinction between the basis and measure of recovery in actions at law and in proceedings in equity.

The case of Coupe v. Royer, 155 U. S. 580, 15 Sup. Ct. 199, 39 L. Ed. 263, is of value because it reviews the whole question of damages and profits, making clear the distinction between them, and that damages only could be recovered at law while an accounting for profits might be allowed in equity. The case was, however, one at law, so that the question of whether damages included profits (as we now have it) did not nor could arise. The question of whether R. S. § 4900, applied was then (January 7, 1895) expressly stated to be still an open one, and was not decided.

Another oft-cited case is that of Rubber Co. v. Goodyear, 76 U. S. (9 Wall.) 788, 19 L. Ed. 566. It was a proceeding in equity. The accounting period is not definitely disclosed, but it was before the acts which allowed damages in addition to profits, and when what is now R. S. § 4900, was limited to patentees who made and vended. There was no averment of compliance with what is now R. S. § 4900, in the bill, no reference to it in the answer, no evidence bearing upon it, and no point made of it as a denial of the right to a decree for damages or profits. The court allowed an accounting for profits, and referred the case to a master. The master reported, and the court allowed profits. On appeal, the Supreme Court held that the defendant could not raise the question. R. S. § 4900 (or its then equivalent), was in consequence not in the case. What its effect, if in, was not decided.

Another case is Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426, also in equity. The prayer was for an injunction, and the special damages allowed by Act Feb. 4, 1887, c. 105 (Comp. St. §§ 9476, 9477). There was not only no claim for profits, but a waiver of them. There was neither averment nor proof of a compliance with R. S. § 4900. The court below awarded the special damages. This was reversed wholly on the ground of a failure to aver and prove compliance with R. S. § 4900. The distinction between damages and profits did not arise, nor could arise, because special damages only were claimed.

It is clear that the Rollman Case is not in conflict with any of these rulings, nor with any other ruling of the Supreme Court to which we have been referred. They serve to give emphasis to the distinction drawn in the Sharpless Case between damages and profits.

There are, it is true, many cases in other districts which support the defendant's position; but we are constrained to follow the cases in this circuit as binding upon us, or, if not decisive of the question, then to follow the Rollman Case as one supported by reason and authority.

If the question be considered with the mind uninfluenced by the rulings made, we may start with the propositions before stated that in actions at law damages only, in the sense of compensation for injuries sustained, can be recovered, and that in proceedings in equity an accounting for profits may be awarded. Corollary propositions are that damages may be recovered, although the infringer may have made no profits, but that no damages can be recovered, unless suffered, although the infringer may have made large profits, and that no profits can be allowed, unless made, although much damage may have flowed from the infringement.

From the standpoint of the legislation on the subject, infringement means a trespass upon the property rights of the patentee. In consequence, it is a tort, for which the tort-feasor should respond in damages, whether he has himself gained or not. If he has profited by his use of the property of the patentee, he should account for what does not belong to him as a trustee ex maleficio. Laws, however, have their policies, as well as their principles of justice. The policy of the patent laws is to encourage invention and thus "promote the progress of science and the useful arts." Such laws may, however, become an in-

tolerable nuisance, if made traps for the innocent and unwary. Notice of patent rights should, because of this, be given. Damage implies hurt, and the one who is hurt knows it, and knows when, and usually how and by whom he is hurt. He may therefore well be required to give notice, and because otherwise an innocent user may be punished and be put to a loss. An infringer, however, may be making profits without the patentee knowing of it, because he is not otherwise damaged. The fact that an infringer is an innocent infringer without notice is a reason for relieving him from the payment of damages when he has made no profits. It is no reason for permitting him to retain profits which belong to another. The fact that he is innocent does not give him title to the property of another. Damages may be well denied, but profits allowed.

The history of this legislation may be of some help. If it is traced, it will be found the distinction between damages and profits and recoveries at law and in equity has been at all times recognized. Sometimes the right of recovery has been enlarged by giving damages, both actual and statutory, with profits in addition in both actions at law and in proceedings in equity; sometimes they have been separated, and damages only allowed at law, and both in equity.

R. S. § 4919, as we now have it, goes back to the original Patent Law of April 10, 1790 (1 Stat. 109, c. 7), which gave actual damages and forfeiture of the infringing article. Skipping the intermediate legislation down to July 4, 1836 (5 Stat. 117, c. 357), that act gave actual and trebled damages. Then came Act July 8, 1870, c. 230, 16 Stat. 198, which allowed in any action or proceeding damages, actual and statutory, in addition to profits. This was followed by the revision of December 1, 1873, which gave us the separate sections, as we now have them, except for the amendment of March 3, 1897 (29 Stat. 692, c. 391). The genesis of R. S. § 4921, is included in the above, and that of R. S. § 4900, has already been given.

We restate the conclusions reached.

1. R. S. § 4900, applies to all patentees, and is not limited to those who make and vend patented articles.

2. This section relieves infringers without notice from payment of damages, but not from accounting for profits.

A decree to this effect is filed herewith.