UNITED STATES MITIS CO. v. CARNEGIE STEEL CO., Limited.

(Circuit Court, W. D. Pennsylvania. July 30, 1898.)

1. PATENTS—INFRINGEMENT—LIABILITY FOR DAMAGES AND PROFITS.
Rev. St. § 4900, does not apply to the case of a patent exclusively for a process, nor in any case unless the plaintiff has made or sold the article patented.

2. SAME—SUFFICIENCY OF NOTICE.
An allegation in a bill that defendant infringed a patent after "full notice" of plaintiff's exclusive rights thereunder, if not denied, is sufficient to entitle plaintiff, on recovery, to damages and profits.

### Sur Objection by Defendant to the Form of Proposed Decree.

The decree is for infringement of letters patent No. 333,373, to Carl G. Wittenstrom, for improvements in the process of manufacturing castings from wrought iron and steel, by adding aluminum. The averment of infringement in the bill is as follows: "Yet the defendant, well knowing the premises, and after full notice of your orator's exclusive rights under said letters patent, has, within said district, and elsewhere within the United States and territories, and since the said 25th day of May, 1886, without the license of your orator, and to its great damage and injury, unlawfully used the improvements patented in said letters patent, and has thereby infringed upon your orator's exclusive rights in the premises." The answer denies infringement, but does not deny the notice, or in any way meet that portion of the averment of the bill. Objections to decree by defendant: "That plaintiff is not entitled to recover damages or profits, for the reason that said plaintiff has not set forth in its bill of complaint. nor does it allege, that it gave notice to said defendant, before bringing suit, of the issue and date of said patent, and of the fact that they were infringing the same, and that the defendant continued such infringement after such notice, in pursuance of the provisions of section 4900 of the Revised Statutes of the United States."

Jos. C. Fraley, for complainant.
Bakewell & Bakewell, for defendant.

ACHESON, Circuit Judge. Section 4900 of the Revised Statutes is not applicable here. The patent in suit is exclusively for a process, and therefore the case is not within either the letter or the spirit of section 4900. Even in a case where the patent is within the purview of section 4900, its provisions apply, as against the plaintiff, only "if he makes or sells the article patented." Dunlap v. Schofield, 152 U. S. 244, 247, 14 Sup. Ct. 576; Campbell v. Mayor, etc., 81 Fed. 182, 184. Moreover, the bill here alleges that the defendant acted "after notice of your orator's exclusive rights under said letters patent," and this is not denied in the answer. Finally, upon any view, this defendant would be answerable for damages and profits for infringements persisted in after suit brought. The objection to form of decree is overruled.