EWART MFG. CO. v. BALDWIN CYCLE-CHAIN CO. et al.

(Circuit Court, D. Massachusetts. December 22, 1898.)

No. 733.

1. PATENTS—MARKING ARTICLES "PATENTED."
   Rev. St. § 4900, in relation to marking articles "patented," does not apply, so as to prevent the recovery of damages for infringement, when the patent has lain dormant. Campbell v. Mayor, etc., 81 Fed. 182, approved.

2. SAME—DAMAGES FOR INFRINGEMENT—EVIDENCE.
   In an action for damages for infringement, neither the amount of royalty paid by defendant to the owner of another patent under which the article alleged to infringe was manufactured, nor the amounts received by plaintiff in settlement of claims against other infringers, is competent as evidence on the question of damages.

3. SAME—PLEADING—ALLEGATION OF EVIDENCE.
   In an action for infringement, an allegation in the declaration that certain sums paid or received in other cases constitute a fair measure of damages is not an allegation of an issuable fact, but merely of evidence, and is demurrable.

4. SAME—COMPROMISES.
   The rule of Rude v. Westcott, 130 U. S. 152, 9 Sup. Ct. 463, applied, holding that compromises of suits against other infringers are not ordinarily relevant to the question of damages in actions for infringement.

Edward S. Beach, for plaintiff.
William A. Macleod, for defendants.

PUTNAM, Circuit Judge. This is a suit for an alleged infringement of an inventor's patent, described sufficiently for the purposes of this opinion as No. 237,771. It comes to us on demurrer. The demurrer, as originally filed, was a general one, assigning also that certain portions of the declaration were insufficient. On the court advising the parties that a demurrer to the whole of a declaration must stand when there is enough in the declaration to make out a cause of action, although some portions thereof may be insufficient or irrelevant, additional demurrers were filed, by consent of the parties and by leave of court, to the specific portions set out therein. One cause of demurrer relates to the entire declaration, and is based on section 4900 of the Revised Statutes, which is in the following words:

"It shall be the duty of all patentees, and their assigns and legal representatives, and of all persons making or vending any patented article for or under them to give sufficient notice to the public that the same is patented; either by fixing thereon the word, 'Patented,' together with the day and year the patent was granted; or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice; and in any suit for infringement, by the party failing so to mark, no damages shall be recovered by the plain-

tiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented."

The allegations of the plaintiff's declaration are peculiar, and intended to avoid the requirements of this provision of the statute, and are as follows:

"And for that plaintiff, before and at all times after the date of said assignment, to wit, May, 1886, up to the expiration of said letters patent, on February 15, 1898, was engaged in the business of manufacturing and selling drive chains, and its sole and exclusive ownership of said letters patent No. 237,771 prevented others from lawfully competing with it in its drive-chain business, by manufacturing, using, or selling the drive chain patented by said letters patent No. 237,771, and said letters patent were a source of gain, profit, advantage, and benefit to plaintiff; and plaintiff used said patent from the date of said assignment to the expiration of the patent as a muniment of, and said patent No. 237,771 was a valuable muniment of, its said business of manufacturing and selling drive chains; and for that neither plaintiff nor said Paine ever made, used, or sold the drive chain patented by said letters patent No. 237,771, nor licensed any one else so to do, and there was never any person who made or vended said patented drive chain for or under plaintiff and said Paine, or either of them; and no drive chains have ever been marked 'Patented February 25, 1881,' or otherwise, as provided for by section 4900 of the Revised Statutes of the United States, by the said patentee, his assigns or legal representatives."

The defendants, of course, rely on the rule stated in Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, as restated in Coupe v. Royer, 155 U. S. 565, 584, 15 Sup. Ct. 199. There is nothing in the phraseology of the statute, as well as no expression in the opinions of the supreme court referred to, which will enable us to apply to circumstances like those at bar, under which the patent has lain absolutely dormant, a requirement in reference to marking patented articles which, under those circumstances, becomes physically impossible. Applying, however, the rules stated in City of Boston v. Allen, 91 Fed. 248, by the circuit court of appeals for this circuit, in its opinion passed down after this case was argued, the result, barring the matter of costs, would probably be the same with reference to the case at bar; so that City of Boston v. Allen, and the authorities on which it is based, may work out here the equitable purpose of the statute in question. The observation of the learned justice who drew the opinion in Coupe v. Royer, at page 585, 155 U. S., and page 207, 15 Sup. Ct., referred to by the defendants, to the effect that, if articles produced by a patented machine, in use by the patentee, are not patented, there may be a question whether section 4900 is applicable, seems inadvertent. If the articles are not patented, there is no occasion for their being marked; but, if the machine is covered by the patent, then it must be marked, whether offered for sale or not, because the statute applies as well to those "making" as to those "vending." Therefore, neither party can properly draw any deduction from the observation referred to; so that we can only repeat what we have already said, that section 4900 clearly has no application to the case at bar, and the demurrer is ineffectual so far as that provision of law is concerned. We agree with Judge Wheeler's conclusion in this respect in Campbell v. Mayor, etc., 81 Fed. 182, 184.

This is the only ground of demurrer which applies to the declaration as a whole. The additional demurrers specifically relate to three several portions of the declaration, but, as to one, the demurrer

is clearly so ineffectual as not to require our attention. The others appear in the following extracts:

"And, the said defendants demur to that portion of said declaration, on pages 3 and 4 thereof (pages 5 and 6 as printed), which relates to the alleged payment of royalty by the defendants to E. A. Baldwin; said portion of the declaration reading as follows: 'And for that on and after the 1st day of April, 1892, and prior to said 15th day of February, 1898, defendants began to make, use, and sell, and did at divers times after said April 1, 1892, and up to said February 15, 1898, manufacture, use, and sell, drive chains, and at divers times since said February 15, 1898, have used and sold drive chains, made by defendants during the term of said letters patent, which drive chains were claimed by defendants to be made under United States letters patent No. 523,877, granted to one E. A. Baldwin July 31, 1894, and under the reissue thereof, No. 11,571, granted September 29, 1896, and on which drive chains defendants agreed to pay and did pay to said Baldwin, his legal representatives and assigns, a royalty of seven cents per foot on said drive chains, while they sold for forty-two cents per foot, and to increase or decrease such royalty in the same ratio as the price of the chain increased or decreased, such royalty being on drive chains claimed to have been made under the said Baldwin patents, and which royalty was agreed between said Baldwin, his legal representatives and assigns, of the one part, and said defendants, of the other part, to be a fair and reasonable royalty on said drive chains made, used, and sold as aforesaid by defendants; and for that said drive chains so made, used, and sold by defendants, as they claim under said Baldwin patents, each embodied and contained the invention patented by plaintiff's said Paine patent, No. 237,771.' And the defendants say that the same is bad in substance, and is not a legal measure of damages."

"And the said defendants demur to that portion of said declaration, on pages 4 and 5 thereof (pages 6 and 7 as printed), which relates to the payment by persons other than these defendants of ten cents on each drive chain containing the said Paine patented invention, in settlement of plaintiff's claim against them; said portion of the declaration reading as follows: 'And for that persons other than defendants did make, use, and sell plaintiff's said patented drive chains between May, 1886, and February 15, 1898, without license, and in infringement of said Paine patent, and of plaintiff's said sole and exclusive rights in said invention patented by said Paine patent, and have paid plaintiff the sum of ten cents on each drive chain containing said Paine patented invention, as a fair and reasonable patent fee or royalty therefor, in settlement of plaintiff's claim against them for infringement; and for that defendants' gains and profits from their and its sales of their and its so-called Baldwin drive chains were greatly in excess of ten cents per drive chain, and for that a royalty of ten cents per drive chain was and is a fair, reasonable, and proper royalty on drive chains containing and embodying the invention of said Paine patent.' And the defendants say that the same is bad in substance, and is not a legal measure of what is a fair, reasonable, and proper royalty on drive chains embodying the invention of the said Paine patent, or a legal measure of damages for infringement of said letters patent."

As to each of these extracts, it may be said generally that ordinarily the subject-matter thereof would not be pertinent evidence on the question of damages in a suit for an infringement. With reference to the first extract, evidence of what was paid for royalties under a distinct patent held by a stranger, especially when the allegations fail to shut out the possibility that that patent covered more than the patent in issue, requires, ordinarily, too many links to connect it with the circumstances of any case on trial; and the evidence offered by the other extract is clearly inadmissible, under the rule laid down in Rude v. Westcott, 130 U. S. 152, 9 Sup. Ct. 463, as applied in Cornely v. Marckwald, 131 U. S. 159–161, 9 Sup. Ct. 744. The latter case is particularly applicable, as it shows at least 10 compromises of suits

against other infringers. The same rule is stated in general terms in Walk. Pat. (3d Ed.) § 559. There are always differences in circumstances, but no such differences can be successfully urged by the plaintiff in the case at bar, because the rule that a compromise of litigation affords no satisfactory evidence of the value of the property litigated is an underlying one, and recognizes no distinctions not of a fundamental character. However all this may be, the demurrers to these two extracts must be sustained, because the latter do not contain allegations of parts of the plaintiff's case, but only of what he proposes to offer in evidence. The probability is that what parties seek to ascertain in this case by a ruling on these demurrers is practically covered by the opinion in City of Boston v. Allen, 91 Fed. 248. However this may be, it has long appeared to the court, as constituted for the hearing of this cause, that a patent for an invention which the patentee refuses to make available himself, and refuses to allow others to make useful, is not within the spirit of the provision of the constitution which assigns as a reason for securing exclusive rights to authors and inventors a desire "to promote the progress of science and the useful arts," and that patents so held are entitled to scant recognition at law, though necessarily to some, but to none whatever in equity. They are not, as claimed by the plaintiff, the equivalent of a highly-cultivated field, surveyed, plotted, and fenced in by the owner; but they constitute, for all useful purposes, a waste from which the public is sought to be excluded for reasons of which equity takes no cognizance. Let there be an interlocutory judgment sustaining the demurrers to the two portions of the declaration relating to the royalty paid Baldwin, and to the payments made in settlement of demands against others than the defendants, and overruling the demurrer in all other respects.