AMERICAN CARAMEL CO. v. THOMAS MILLS & BRO.

(Circuit Court of Appeals, Third Circuit. April 6, 1907.)

No. 36, March Term, 1906.

1. PATENTS—SUIT FOR INFRINGEMENT—SCOPE AND EXTENT OF RELIEF.
    Only under exceptional circumstances will a court, in its decree finding infringement of a patent, provide that the infringing machines shall be delivered up to the complainant to be destroyed.

2. SAME—DAMAGES—FAILURE TO MARK PATENTED ARTICLE.
    Where put in issue, the complainant in a suit for infringement of a patent for a machine is required to prove affirmatively that machines made thereunder were marked as required by Rev. St. § 4900 (U. S. Comp. St. 1901, p. 3388), or that notice of infringement was given to the defendant, to entitle complainant to recover damages for infringement prior to the filing of the bill.

On Motion to Recall and Amend Mandate.

Augustus B. Stoughton, for the motion.
Henry E. Everding, opposed.

Before DALLAS and GRAY, Circuit Judges, and ARCHBALD, District Judge.

ARCHBALD, District Judge. By the opinion heretofore filed the decree of the court below was reversed, with directions to reinstate the bill and grant the relief there prayed for (149 Fed. 743, 79 C. C. A. 449); and, the mandate having gone out in that form, it was of course binding. Our attention is now called to the fact that among the prayers of the bill was one that the infringing machines should

be delivered up to be destroyed, and an order to that effect was accordingly incorporated into the decree which was entered. This was an unusual prayer (American Bell Telephone Co. v. Kitsell [C. C.] 35 Fed. 521), although, of course, not an unwarranted one, if the circumstances called for it (Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768). It was only, however, by inadvertence that it was sanctioned here; and, application having been made to reform the mandate so as to exclude this relief, it will be recalled and corrected accordingly.

An account was also prayed for and allowed, which we are now asked to refuse upon the ground that no proof was made that the complainants ever marked their machines "Patented," or gave notice to the defendants that they were patented, as required by the statute (Rev. St. § 4900 [U. S. Comp. St. 1901, p. 3388]); this having been denied and put in issue by the answer. This point is said to have been made in the court below, but was not raised here, the complainants being the appellants; and it naturally passed unnoticed. As a result of a neglect to mark, or to notify the defendants in the absence of it, damages are denied by the statute; the infringement being otherwise presumptively innocent. And, issue being made by the answer, a compliance with the statute is required to be affirmatively shown in order to lay ground for an account (Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426), at least for anything which precedes the filing of the bill (United States Mitis Co. v. Midvale Steel Co. [C. C.] 135 Fed. 103). It is immaterial that in the present instance the complainants neither license nor sell their machines, reserving the benefit of the patent for the advantage of their own business. The fact still remains that without notice, either direct or constructive, the defendants are entitled to be regarded as acting innocently, and so not liable to damages, by the express provision of the statute.

The mandate is therefore recalled, and amended, so as to exclude from the relief to be granted the destruction or delivery up of the infringing machines, or the directing of an account for anything preceding the filing of the bill.