## FLAT SLAB PATENTS CO. v. NORTHWESTERN GLASS CO.

(Circuit Court of Appeals, Eighth Circuit. May 8, 1922.)

No. 5910.

I. **Patents** ☞222—**Patentee, who did not manufacture, must give notice, to recover damages for infringement.**

The requirement of Rev. St. § 4900 (Comp. St. § 9446), that a patentee must mark articles manufactured and sold as patented, and that no damages shall be recovered for infringement, except on proof that the defendant was duly notified of the infringement, a notice of infringement is a prerequisite to recovery of damages, even though the patentee did not manufacture or sell the patented article, but only granted licenses to others to engage in such manufacture.

2. **Patents** ☞222—**Notice from recording of patent is not statutory notice of infringement.**

The notice given an infringer by the record of the patent office is not a compliance with the requirement of Rev. St. § 4900 (Comp. St. § 9446), that the patentee give notice to the infringer before he can recover damages.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action at law by the Flat Slab Patents Company against the Northwestern Glass Company to recover damages for infringement of patent. Judgment for defendant, and plaintiff brings error. Affirmed.

Amasa C. Paul, of Minneapolis, Minn., for plaintiff in error.

F. A. Whiteley, of Minneapolis, Minn., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. For convenience the parties will be designated as they were in the trial court. The plaintiff sued the defendant at law to recover damages for the infringement of patent No. 698,542, issued April 29, 1902, to Orlando W. Norcross for improvements in "flooring for buildings." On a trial of the issues the defendant recovered a verdict. The trial court instructed the jury that their verdict must be for the defendant, unless they found from the evidence that the defendant was duly notified of the claimed infringement prior to the period for which plaintiff sought to recover damages, and that, if the jury should find for the plaintiff on the question of notice, then their verdict should be for nominal damages only. Counsel for plaintiff claims that this charge was erroneous. The trial court's view as to the question of damages has been rendered immaterial by the verdict of the jury, unless we shall decide that the law did not require the plaintiff to give notice of the claimed infringement. We therefore proceed to discuss the question of notice. Whether a notice was required, as the court instructed the jury, depends upon the proper construction of section 4900, R. S. U. S. (Comp. St. § 9446), which reads as follows:

"Sec. 4900. *Patented Articles Must be Marked as Such.* It shall be the duty of all patentees, and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented, either by fixing thereon the word 'Patented,' together with the day and year the patent was granted, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice; and in any suit for infringement, by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented."

[1] Plaintiff contends that, as the evidence showed that it had never been engaged in manufacturing or selling the patented flooring, it was not barred under the statute for the recovery of damages because of failure to mark the patent flooring in the manner prescribed in the statute or by failure to give notice of infringement to the defendant prior to the beginning of the period for which recovery is sought. Counsel have not cited, nor have we been able to find, any authority which would be binding on this court as to the construction of the statute with reference as to whether it applies to a patentee who has never been engaged in manufacturing or selling the article for which it owns a patent. It is true that under the law a patentee is not obliged

to manufacture and sell the patented device. Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122. But the reason for giving some kind of notice to the alleged infringer would seem to be the same, if not greater, when the patented device was not sold or manufactured by the patentee as where it is. We are of the opinion that the statute above quoted does not limit the requirement as to notice to persons making or vending any patented article. By the plain language thereof the duty to give notice is imposed upon "all patentees and their assigns and legal representatives" without limitation, then the statute proceeds and imposes the duty upon "all persons making or vending any patented article for or under them." If Congress had intended to impose the duty to give notice only upon those persons who might make or vend the patented article, it would have been an easy matter to have so declared. It would not then have been necessary to use the words "patentees, and their assigns and legal representatives" at all, but the whole matter could have been disposed of by the use of the words "all persons." The language of the statute in regard to making or vending does not limit the duty to give notice to persons making or vending, but extended the duty already imposed upon patentees, their assigns and legal representatives to all persons making or vending under them. In Churchward International S. Co. v. Bethlehem S. Co. (D. C.) 262 Fed. 441, District Judge Dickinson, Eastern District of Pennsylvania, gives the history of prior legislation resulting in section 4900, supra, as follows:

"The first question of the application of R. S. § 4900, may be disposed of by the statement that the statute applies to all patentees who have not given notice. This is clear from a review of the legislation. This provision began with Act Aug. 29, 1842, c. 263, 5 Stat. 543, which required all patentees who made and vended to mark the patented articles, and carried a fine penalty for not so doing. This was followed by Act March 2, 1861, c. 88, 12 Stat. 246, which contained the same requirement, and denied the right to damages unless notice was given. It is to be observed that both these acts were limited to patentees who made and vended. Then came Act July 8, 1870, c. 230, 16 Stat. 198, which extended the provision to all patentees, and to persons who made and vended, and the same phraseology is found in R. S. § 4900, as we now have it."

[2] Counsel for plaintiff refers to the decision of Judge Dickinson as "dictum"; but, whether "dictum" or not, the history of prior legislation is correct, and presents a strong reason in support of the view which we entertain as to the meaning of section 4900, supra. Counsel for plaintiff say that the record of the patent in the Patent Office was sufficient notice of plaintiff's patent; but, if the plaintiff is within the statute in regard to giving notice, it must give the notice that the statute requires, and may not excuse itself for not so doing by claiming that the record of the patent in the Patent Office was sufficient notice.

Plaintiff cites the following cases in support of the proposition that, when none of the patented devices have been made or sold, or where the patent is exclusively for a process, section 4900, supra, does not apply: Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426; Campbell v. Mayor, etc., of New York City (C. C.) 81 Fed. 182; U. S. Mitis Co. v. Carnegie Steel Co. (C. C.) 89 Fed. 206; Ewart Mfg.

Co. v. Baldwin Cycle Chain Co., (C. C.) 91 Fed. 262; U. S. Mitis Co. v. Midvale Steel Co. (C. C.) 135 Fed. 103. These cases, with the exception of Dunlap v. Schofield, are cases in the former United States Circuit Court for New York, Pennsylvania, and Massachusetts. We fail to find anything in Dunlap v. Schofield as to the duty of a patentee in regard to notice which is claiming damages under its patent, but which has not made or vended the patented article. What the case does decide is that the statute in question makes the marking of the patented article or notice to the infringer a prerequisite to the patentee's right to recover damages against him. In Campbell v. Mayor, supra, District Judge Wheeler seems to have interpreted Dunlap v. Schofield as deciding that the owner of a patent who does not make or sell the patented article is excused from the requirement of notice. We find no such holding in Dunlap v. Schofield. In U. S. Mitis Co. v. Carnegie Steel Co. (C. C.) 89 Fed. 206, Judge Acheson in a short memorandum decided that section 4900, supra, was not applicable, where the patent in suit was exclusively for a process. The decision seems to have been made upon the averments of the plaintiff's bill, not denied in the answer, that the defendant infringed "after full notice" of the plaintiff's rights under his patent. This case was affirmed without comment by the Circuit Court of Appeals of the Third Circuit in 90 Fed. 829.

Ewart Manufacturing Co. v. Baldwin Cycle Chain Co., supra. was decided by Judge Putnam on demurrer. The plaintiff's bill alleged:

"That neither plaintiff nor said Payne ever made, used, or sold a drive chain patented by said letters patent No. 237,771, nor licensed any one else so to do, and there was never any person who made or vended said patented drive chain for or under plaintiff and said Payne, or either of them."

Judge Putnam, referring to the above allegation and to the case of Dunlap v. Schofield, supra, and Coupe v. Royer, 155 U. S. 565, 15 Sup. Ct. 199, 39 L. Ed. 263, said:

"There is nothing in the phraseology of the statute, as well as no expression in the opinions of the Supreme Court referred to, which will enable us to apply to circumstances like those at bar, under which the patent has lain absolutely dormant, a requirement in reference to marking patented articles, which, under those circumstances, became physically impossible."

The case that Judge Putnam was considering was one where the patentee had not licensed any person to make, use, or sell the patented article under patent No. 237,771. The uncontradicted evidence in the case at bar shows that the plaintiff had issued a large number of licenses under its patent, and that many licensees had paid royalties for buildings constructed and used. So Judge Putnam's decision would not control the present case, because the facts are not the same.

In the case of U. S. Mitis Co. v. Carnegie Steel Co., supra, Judge Acheson decided that section 4900, supra, was not applicable to a case of a process patent, and that the failure to mark as required by the statute was not a bar to a recovery for infringement, where the defendant has been notified and continues to infringe in disregard of said notice. This case is no authority that the statute does not apply where the patentee does not vend or sell. The Circuit Court of Ap-

peals for the Third Circuit in American Caramel Co. v. Thomas Mills & Bro., 162 Fed. 147, 89 C. C. A. 171, used the following language:

"It is immaterial that in the present instance the complainants neither license nor sell their machines, reserving the benefit of the patent for the advantage of their own business. The fact still remains that without notice, either direct or constructive, the defendants are entitled to be regarded as acting innocently, and so not liable to damages, by the express provision of the statute."

On the subject of notice generally, and that profits are not recoverable without notice, see F. B. F. Co. v. Shapiro & Aronson, 278 Fed. 435 (C. C. A. 3d Circuit).

As a result of our consideration of the cases cited by counsel, we find no controlling authority that the statute in question would not apply to the plaintiff, and upon sound reason we are of the opinion from an examination of the statute itself that it did apply to the plaintiff. The jury upon competent evidence found that there was no notice, and this finding renders it unnecessary to consider whether the rule as stated by the court as to damages was correct or not.

Judgment affirmed.