## SON v. PRESSED STEEL CAR CO.

District Court, S. D. New York.   February 25, 1927.

Patents ⬤222—Where patented articles are not marked, notice of infringement is condition precedent to recovery of damages or profits (35 USCA § 49).

The provision of Rev. St. § 4900 (35 USCA § 49 [Comp. St. § 9446]), that no damages shall be recovered for infringement of a patent, where articles made thereunder are not marked as required therein, unless defendant has been duly notified of infringement and has continued thereafter, applies in all cases, though complainant does not make or vend the patented article, and bars recovery of profits, as well as damages, and notice merely of existence of the patent is not compliance with the statute.

In Equity. Suit by Mathilda Son against the Pressed Steel Car Company. On reargument of motion to dismiss bill. Motion granted.

Hauff &. Warland, of New York City (Francis H. Warland, of New York City, of counsel), for plaintiff.

Knight Bros., of New York City (Harry E. Knight, William E. Knight, and Ray T. Ernst, all of New York City, of counsel), for defendant.

THACHER, District Judge. Since the original argument of this motion, the matter has been fully reargued and thoroughly presented upon written briefs. It appears from the decision of the Circuit Court of Appeals for this circuit in Le Roy v. De Vry Corporation, 16 F.(2d) 18, to which no reference was made upon the oral argument, that the conclusion then reached that the motion should be denied was wrong.

The complaint is the usual bill in equity for patent infringement. It was filed three days, and subpoena was served one day, before expiration of patent. Judge Hough, in his opinion in the Le Roy Case, supra, discusses the authorities holding that where special circumstances are shown, and in addition there is time between the filing of the bill and the expiration of the patent to obtain relief by temporary injunction, equity will retain jurisdiction, even though no injunction pending suit was granted, or even asked for. These authorities can have no application here, because the intervening time was too short (Clark v. Wooster, 119 U. S. 322, 7 S. Ct. 217; 30 L. Ed. 392), and it is entirely clear from Judge Hough's opinion that this complaint cannot be sustained on the equity side of the court as a suit for an injunction. If sustainable at all, it must be as a suit for an accounting, maintainable

only upon a showing of special circumstances calculated to induce belief that plaintiff's remedy at law is not adequate. Sufficiency of allegation for this purpose is doubtful, in view of Judge Hough's plain intimation that nothing short of what was shown in Tompkins v. International, etc., Co. (C. C. A.) 183 F. 773, and Tompkins v. St. Regis Paper Co. (C. C. A.) 236 F. 221, can sustain the jurisdiction.

The point may be passed, however, and decision rested upon the more fundamental objection that, regardless of technical insufficiency of allegation, there can be no recovery, either at law or in equity, because of failure to allege compliance with section 4900 of the Revised Statutes (35 USCA § 49; Comp. St. § 9446); notice of infringement or continuance of infringement after notice not being alleged. Upon this point the plaintiff contends that, it being alleged that she does not make or vend the patented article, section 4900 of the Revised Statutes does not require notice of infringement as a condition of recovery. It was so held by Judge Wheeler, in this court, in Campbell v. City of New York (C. C.) 81 F. 182, and his ruling was followed by Judge Putnam, in Ewart Mfg. Co. v. Baldwin Cycle-Chain Co. (C. C.) 91 F. 262. After some doubt (see U. S. Mitis Co. v. Carnegie Steel Co. [C. C.] 89 F. 206, and U. S. Mitis Co. v. Midvale Steel Co. [C. C.] 135 F. 103), the law is settled in the Third circuit that section 4900 applies to all patentees, and is not limited to those who make and vend patented articles. American Caramel Co. v. Thomas Mills & Bro., 162 F. 147 (C. C. A. 3d Circ.); Churchward Intern'l S. Co. v. Bethlehem S. Co. (D. C.) 262 F. 438. The same conclusion has been reached in the Eighth circuit, by a court composed of Sanborn and Carland, Circuit Judges, and Trieber, District Judge, in a very thoroughly considered opinion, in which the decision in Campbell v. City of New York, supra, both in its conclusion and its reasoning, is severely criticized. Flat Slab Patents Co. v. Northwestern Glass Co., 281 F. 51. And the same court, in Flat Slab Patents Co. v. Turner, 285 F. 257, in a court composed of Hook and Stone, Circuit Judges, and Wade, District Judge, again criticized Campbell v. City of New York.

The reasoning in Flat Slab Patents Co. v. Northwestern Glass Co., supra, is convincing, and I am satisfied that the case was correctly decided. If, indeed, it can be said that the question is even debatable, in view of the decision of two Circuit Courts of Appeals, it

21 F.(2d)—34

is one upon which this court should follow the decisions of the Circuit Courts of Appeals in other circuits, unless, upon reconsideration of its own prior ruling, it is clearly convinced that such ruling was right, and the rulings in other circuits were wrong. I am of opinion that Campbell v. City of New York, supra, was wrongly decided, and that the decisions of the Circuit Courts of Appeals in the Third and Eighth Circuits should be followed in this court, until the Circuit Court of Appeals for this circuit or the Supreme Court has decided the question.

Uniformity of decision in the courts of the United States should not be sacrificed to local precedents which are not in line with modern decisions. I therefore conclude that section 4900 of the Revised Statutes applies to the plaintiff, notwithstanding the fact alleged that she neither makes nor vends the patented devises. Notice of existence of patents, which is alleged, is not notice of infringement, which is required by the statute. Westinghouse Elec. & Mfg. Co. v. Condit Elec. Co. (C. C.) 159 F. 154; Tuttle v. Claflin (C. C. A.) 76 F. 227, 237; Dunlap v. Schofield, 152 U. S..244, 14 S. Ct. 576, 38 L. Ed. 426. Nor is there any doubt that the statute bars recovery of profits as well as of damages. Gibson v. American Graphophone Co., 234 F. 633 (C. C. A. 2d Circ.); Franklin Brass Foundry Co. v. Shapiro & Aronson, 278 F. 435 (C. C. A. 3d Circ.).

It follows that the motion must be granted, and the complaint dismissed.