### ORANGE–CRUSH CO. v. AMERICAN ORNAMENTAL BOTTLE CORPORATION et al.

### No. 3312.

Circuit Court of Appeals, Fourth Circuit.

Aug. 1, 1932.

Henry B. Floyd, of Washington, D. C. (Caskie, Frost & Coleman and James R. Caskie, all of Lynchburg, Va., on the brief), for appellant.

Fred Harper, of Lynchburg, Va. (R. Clyde Cruit, of Washington, D. C., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and GLENN, District Judge.

SOPER, Circuit Judge.

The important issue of fact in this suit in equity is whether Clayton J. Howel of Chicago, or George N. Mas of Lynchburg, is the inventor of a design for a cylindrical bottle consisting of a number of equidistant vertical and horizontal bands upon the surface of the bottle, with circular depressions or projections in the squares formed by the intersecting bands and a band around the neck. The suit was prosecuted by Orange-Crush Company, an Illinois corporation, assignee of Howel, against the American Ornamental Bottle Corporation of Virginia, assignee of Mas, under the terms of R. S. § 4918, 35 U. S. C. § 66 (35 USCA § 66), which authorizes a suit in equity in the case of infringing patents by any person interested in one of them to secure relief against the infringing patentee.

The bill of complaint was based upon United States design patent No. 65,187, applied for by Howel on January 28, 1924, and issued on July 15, 1924, embodying the invention described; and the complaint was that on July 23, 1924, after the issue of the patent, Mas wrongfully made application in the United States Patent Office for design letters patent, and, through subsequent proceedings in the Patent Office, secured an issuance to him on November 6, 1928, of United States design patent No. 76,819 for the same invention. The prayer of the bill was that the American Ornamental Bottle Corporation be perpetually enjoined from asserting any right under said letters patent, and that they be canceled as null and void.

The answer denied that Howel was the

inventor of the design, and asserted that Mas was the first, original, and sole inventor; and it was shown that on August 10, 1925, the Patent Office had declared an interference between the Howel patent No. 65,187 and the application of Mas, and that in these proceedings it was decided by the Examiner of Interferences on July 5, 1927, that Mas was the first and only inventor, and this decision was affirmed on appeal by the Board of Patent Appeals on July 31, 1928. There was no appeal to the Court of Appeals of the District of Columbia, and the letters patent to Mas were accordingly issued. By way of counterclaim, it was alleged that the Orange-Crush Company, in disregard of the rights of Mas and his assignee, both prior and subsequent to the issue of the Mas patent, had made, used, and sold, and caused to be made, used, and sold by others, millions of the bottles of the design covered by his patent, and that such acts constituted an infringement from which the plaintiff had derived great profits and the defendant had been greatly damaged. Cross-relief in the shape of a decree was prayed, declaring that Mas was the sole and original inventor of the design, that the Howel patent was null and void, and that the extent of the acts of infringement, the profits derived therefrom, and the damages caused thereby, be established, and that the Orange-Crush Company be required to pay the defendant such sums as would reimburse it and make it whole.

In the proceedings in the Patent Office, the Examiner of Interferences and the Board of Patent Appeals held in effect that Howel had offered no convincing evidence of conception of the design prior to June 1, 1923; that Mas conceived the invention in April, 1923, but made no application for the patent until July 23, 1924; that he attempted to excuse his delay on the ground of sickness and poverty, but that it was not necessary to pass on the sufficiency of the excuse because the evidence showed that Mas had disclosed the invention to Howel in April or May, 1923, prior to the earliest date which Howel claimed; and therefore it was not incumbent upon Mas, the only inventor, to show that he had reduced his invention to practice with diligence. The decision of the Examiner was affirmed in all respects by the Board.

When the case came before the District Judge, the same evidence was introduced as was heard by the Examiner, and certain additional evidence was introduced by the plaintiff tending to show that there had not been a disclosure of the design by Mas to Howel

in April or May, 1923, and that Mas had not made the invention in March or April, 1923, as previously decided. The District Judge held, however, by his decree of December 23, 1931, that Mas was the first, original, sole, and only inventor of the design; that Howel was not an original inventor; that the Howel patent was invalid, and the Mas patent good and valid in law. It was also adjudged that the Orange-Crush Company had infringed upon the Mas design by making, using, and selling, or causing to be made, used, and sold, bottles of the design involved in the controversy, and that the defendant was entitled to recover from the Orange-Crush Company all profits which it had derived up to the date of the decree by reason of the infringement, and all damages which the defendant had sustained thereby. And the case was referred to a special master to state an account of the profits, and to assess the damages, and the Orange-Crush Company was perpetually enjoined from directly or indirectly making, using, or selling the design of bottles embodying the design.

The decree of the District Judge does not expressly adjudicate that Mas disclosed the design to Howel in the early part of 1923, although this fact may be inferred from the finding that Mas was the first, true, original, sole, and only inventor of the design. Findings of fact, which were filed subsequent to the decree, declare that Mas conceived the design in March or April, 1923, while Howel's design was conceived and sketched late in May or early in June, 1923. The District Judge considered the delay of Mas in making application for the patent, and reached the conclusion of law that he was excused by a combination of ill health and poverty, not basing this part of his decision on the ground of disclosure, as had been done by the tribunals of the Patent Office. The record therefore does not clearly show what was the final conclusion of the District Judge on the subject of the disclosure of the design by Mas to Howel.

An examination of the testimony which was heard by the District Judge leads us to the conclusion that the decree should be affirmed. The evidence warrants the conclusion reached both by the officials of the Patent Office and by the District Judge that Mas was the inventor of the design, and that he satisfactorily established the conception of the design and the making of sketches as early as April, 1923. We conclude also that the preponderance of evidence shows that Howel obtained the design from disclosures by Mas, and that these disclosures were the

basis of the later sketches by Howel, and of his application for the patent. There was evidence tending to show that Howel first obtained information of the design through efforts by Mas to interest bottle manufacturers and others in his invention. There was also opposing evidence tending to establish an original, if not a first, conception by Howel; but the design was of such an arbitrary character that it is not reasonable to conclude that it was hit upon by two persons independently at or about the same time.

■ The plaintiff contends that, even if Mas was the prior inventor, his rights were lost because he did not use due diligence to reduce the invention to practice. Reliance is placed upon the rule that, if a patentee seeks to carry the date of his invention back to the date of his conception, he must show reasonable diligence in perfecting and adapting his invention either by actual reduction to practice or by constructive reduction to practice through the filing of an application in the Patent Office; and that the burden of proof in the case of infringing patents is on the junior applicant to establish the prior conception of the idea, and the reasonable diligence required. Automatic Weighing Machine Company v. Pneumatic Scale Corporation (C. C. A.) 166 F. 288. Clancy v. De Jahn (Cust. & Pat. App.) 36 F.(2d) 131. It is argued that the delay of fifteen months from April, 1923, to July, 1924, when Mas made application for a patent, was inconsistent with due diligence on his part as against the claim of Howel, who had applied for a patent and reduced the invention to practice in large commercial operations in the meantime; and the excuses of sickness and poverty for the delay which the District Judge found to be adequate are swept aside on the ground that the evidence shows that Mas filed other patent applications in the interval, with the aid of borrowed money. The conclusions of the District Judge in this respect are not without support in the evidence; but, even if this were not so, the appellant is in no position to raise the point of lack of reasonable diligence. Having acquired knowledge of the invention from the disclosures of Mas and secured a patent thereon, the appellant may not assert an estoppel against the first and only inventor. Browning v. Johnson, 50 App. D. C. 335, 271 F. 1017.

The plaintiff also attacks that part of the decree by which infringement of the Mas patent was adjudicated, and the case was referred to a special master to state an account of the profits derived by the plaintiff, and assess the damages sustained by the defendant by reason of the infringement. It is objected that no infringement was established in view of the general rule that there can be no infringement of a patent and no accounting of profits or assessment of damages except for the period which follows the issuance of a patent. Columbia & N. R. R. Co. v. Chandler (C. C. A.) 241 F. 261; Gayler & Brown v. Wilder, 10 How. 477, 13 L. Ed. 504; Marsh v. Nichols, Shepherd & Co., 128 U. S. 605, 612, 9 S. Ct. 168, 32 L. Ed. 538; B. F. Avery & Sons v. J. I. Case Plow Works (C. C. A.) 174 F. 147. We do not agree that the evidence supports this conclusion. It was alleged in the bill of complaint that, both before and after the grant of the Howel patent, the plaintiff had expended large sums of money for the purpose of carrying on the business of manufacture, and that large quantities of bottles had been made according to the design and sold by the plaintiff to its great benefit and advantage. This allegation does not of itself show that the use of the invention by the Orange-Crush Company continued after the grant of the Mas patent at the conclusion of the interference proceedings in the Patent Office; but the evidence indicates that such was the case. The president of the company testified that, after the interference proceeding, the company ceased to use the design as a leading feature of the business, but did not discontinue its use completely until somewhat later; and it was also brought out that bottles of the design in controversy, as well as bottles comprising other designs belonging to the plaintiff, were made under a license agreement with a manufacturer of bottles and furnished to bottlers with the complainant's approval upon the payment of a royalty. The evidence also tended to support the counterclaim that the products of the Orange-Crush company were sold in large quantities in the United States and in such a manner that the bottle, with the patented design, had become identified with its products so that no other person could be induced to adopt it for commercial use, with the result that the value of the invention to the owner had been destroyed.

■ The decree of the District Judge did not cover or adjudicate these matters in detail. It determined infringement and left the circumstances and extent thereof, with the profits enjoyed by the complainant and the damages suffered by the respondent, if any, to be ascertained by the special master. There was adequate basis for this action, and the complainant was not precluded thereby

from showing that there were no profits or damages, but, on the contrary, it will have full opportunity to make a defense in these respects in the proceedings before the special master. The decree of the District Court is affirmed.

Affirmed.