**AMERICAN ORNAMENTAL BOTTLE COR-
PORATION et al. v. ORANGE–CRUSH
CO.**

**ORANGE–CRUSH CO. v. AMERICAN ORNA-
MENTAL BOTTLE CORPORATION et al.**

**Nos. 3762, 3792.**

Circuit Court of Appeals, Fourth Circuit.

April 18, 1935.

Fred Harper, of Lynchburg, Va., for appellants in No. 3762 and appellees in No. 3792.

Henry B. Floyd, of Chicago, Ill. (Caskie & Frost and James R. Caskie, all of Lynchburg, Va., on the brief), for appellee in No. 3762 and appellant in No. 3792.

Before PARKER and SOPER, Circuit Judges, and GLENN, District Judge.

SOPER, Circuit Judge.

Upon the prior appeal in this case, Orange-Crush Company v. American Ornamental Bottle Corporation (C. C. A.) 60 F. (2d) 518, a decree of the District Court was affirmed whereby it was adjudged that design letters patent of the United States, No. 76,819, issued to George N. Mas on November 6, 1928, for an ornamental design for a bottle, were good and valid in law; that Mas was the sole and original inventor thereof, and had assigned the patent to the American Ornamental Bottle Corporation, a Virginia corporation, and to trustees thereof; and that design letters patent No. 65,187, issued to Clayton J. Howel on July 15, 1924, for the same design, and assigned by him to Orange-Crush Company, an Illinois corporation, were invalid, and that Howel was not the original inventor thereof.

The suit was brought by Orange-Crush Company, of which Howel was president, to secure a cancellation of the Mas patent; and there was a counterclaim by American Ornamental Bottle Corporation, based upon the Mas patent. Upon this counterclaim it was adjudged that the plaintiff had infringed the Mas patent, and it was decreed that the defendant and cross-claimant recover profits and damages from the plaintiff by reason thereof, to be determined by special master, to whom the matter was referred. Further infringement by the defendant was enjoined. When the mandate went down from this court after the decision on appeal, the District Court ordered an accounting for two separate periods: (1) From November 6, 1928, when the Mas patent issued, to December 16, 1930, when formal notice of infringement of the Mas patent was given, through the filing of the cross-complaint; and (2) from December 16, 1930, to December 23, 1931, the date of the decree. After a hearing and report by the special master, the District Court found that during the first period, the Orange-Crush Corporation derived $91.675 as royalties from the sale of infringing bottles, and that during the second period, there was no infringement; and

it was decreed that the defendant recover the amount of $250, as statutory damages under the Act of Feb. 4, 1887, § 1, 24 Stat. 387 (35 USCA § 74).

There was no dissent by either party from these findings of fact, but Orange-Crush Company objected to the inclusion of any evidence or finding as to the first period, claiming that under R. S. § 4900, as amended (35 USCA § 49), there can be no monetary recovery by the owner of the patent for acts of infringement performed before the receipt of notice of infringement. It is provided in substance by R. S. § 4900, as amended (35 USCA § 49), that it shall be the duty of all patentees and their assigns, and all persons making or selling any patented article for or under them, to give notice to the public that the same is patented, by fixing thereon the word "patented," with the day and year of the grant; or when this cannot be done by using a label containing a like notice; and in any suit for infringement, in the absence of such marking, no damages shall be recovered, except on proof that the defendant was duly notified of the infringement and continued after such notice to make, use, or sell the patented article.

The interpretation of this section 4900 has been the subject of considerable discussion in the decisions of the courts, and a diversity of opinion has arisen as to whether the requirement of notice of infringement as a condition of the recovery of damages is limited to cases of patentees who through themselves or their licensees make or vend the patented article, or includes all patentees, whether manufacturing articles under the patent or not. Thus it has been held in the following cases that there can be no recovery of damages in a suit for infringement unless notice of the patent was affixed to the article manufactured, or was given to the infringer: American Caramel Co. v. Thos. Mills & Bro., 162 F. 147 (C. C. A. 3); Churchward International S. Co. v. Bethlehem Steel Co., 262 F. 438 (D. C. Pa.); Flat Slab Patents Co. v. Northwestern Glass Co., 281 F. 51 (C. C. A. 8); Flat Slab Patents Co. v. Turner, 285 F. 257 (C. C. A. 8); Son v. Pressed Steel Car Co., 21 F.(2d) 528 (D. C. S. D. of N. Y.); Van Meter v. U. S., 47 F.(2d) 192 (C. C. A. 2). In most of these cases, it would seem from the decisions that there was a manufacture of the patented article by the patentee, but in some of them, there was no such manufacture, and nevertheless it was held that actual notice to the infringer was an essential prerequisite to the recovery of damages. See particularly Churchward International S. Co. v. Bethlehem Steel Co., supra, and Son v. Pressed Steel Car Co., supra. On the other hand, there are well-reasoned cases in which, after careful consideration, the conclusion was reached that Congress did not intend this section to apply to patentees not engaged personally or through representatives in the manufacture of articles under the patent. See particularly the discussion in Olsson v. U. S., 72 Ct. Cl. 72, at page 102; Wagner v. Corn Products Refining Co., 28 F.(2d) 617 (D. C. N. J.), in which a discussion of the legislative history of R. S. § 4900 is found. See, also, Ewart Mfg. Co. v. Baldwin Cycle Co. (C. C.) 91 F. 262; U. S. Mitis Co. v. Carnegie Steel Co. (C. C.) 89 F. 206; Id. (C. C. A.) 90 F. 829; Campbell v. City of New York (C. C.) 81 F. 182, 184.

We think that it is immaterial in the pending case which of these views is accepted, for the infringer was so well aware, from the beginning, of the impropriety of its acts that the provisions for formal notice under the statute can have no application. The important fact has been established to the satisfaction of the court that Mas, the sole and original inventor of the design, divulged it to Howel in the form of an offer to permit its use, for a stated price or consideration, and that Howel, ignoring the conditions under which the information was given him, appropriated it to his own use without compensation, embodied it in an application for a patent as his own design, and wrongfully secured a patent thereon. In our prior opinion we said [60 F.(2d) 518, pages 519, 520]: "An examination of the testimony which was heard by the District Judge leads us to the conclusion that the decree should be affirmed. The evidence warrants the conclusion reached both by the officials of the Patent Office and by the District Judge that Mas was the inventor of the design, and that he satisfactorily established the conception of the design and the making of sketches as early as April, 1923. We conclude also that the preponderance of evidence shows that Howel obtained the design from disclosures by Mas, and that these disclosures were the basis of the later sketches by Howel, and of his application for the patent. There was evidence tending to show that Howel first obtained information of the design through efforts by Mas to interest bottle manufacturers and others in his invention. There was also opposing evidence

tending to establish an original, if not a first, conception by Howel; but the design was of such an arbitrary character that it is not reasonable to conclude that it was hit upon by two persons independently at or about the same time."

The Howel patent was granted on July 15, 1924, and on July 23, 1924, Mas filed an application for a patent on the design, and an interference was declared between Howel and Mas on July 31, 1928. The interference was decided in favor of Mas, and on November 6, 1928, design patent No. 76,819 was issued to the American Ornamental Bottle Corporation, as assignee of Mas. The pending suit was begun on December 15, 1928, and on December 31, 1928, the American Ornamental Bottle Corporation filed an answer denying the allegations of the bill and praying that the Howel patent be canceled. Under these circumstances, it is obvious that there was no necessity for the additional notice in the counterclaim of infringement, which was later filed on December 16, 1930, in a supplemental answer, to bring home to the Orange-Crush Company that the owners of the Mas patent intended to insist upon their patent rights and to deny the validity of the Howel patent. The actions of the plaintiff company from the beginning disclosed a deliberate intent to take the property of another, and we cannot suppose that Congress intended that the statute should be used to enable an infringer, guilty of such intentional wrongdoing, to continue his wrongful acts with impunity during the period prior to formal notice.

The right of an owner of a patent to recover damages for infringement is recognized in R. S. § 4919 (35 USCA § 67), and as to design patents in the Act of February 4, 1887, 24 Stat. 387 (35 USCA §§ 74, 75); and the limitation thereon imposed by R. S. § 4900, as amended (35 USCA § 49), was obviously designed to protect persons who might be led into the infringement of a patent under mitigating circumstances. No such purpose would be served by applying the section to one who has boldly appropriated the invention of another, and attempted to secure a patent thereon for himself. It follows that there was no error in the allowance by the District Court of the sum of $250 for the infringement of the patent during the first period above mentioned.

The defendants and cross-complainants, however, are not content to restrict their recovery to the period of the patent, for they contend that by far the greater damage was occasioned by the acts of the Orange-Crush Company in the period between the communication of the design by Mas to Howel on June 1, 1923, and the grant of the patent to Mas on November 6, 1928. It was charged that during this period, Orange-Crush Company not only caused large numbers of bottles of the Mas design to be manufactured, but also distributed its products in such bottles, and widely advertised the same; and in consequence, the design became identified with its products and to the great damage of the owners of the Mas patent, the value of the design for any other purpose was completely destroyed. The District Court ruled that the master should exclude this period, and confine the accounting to the two periods above mentioned. The defendants excepted to this ruling, and when the matter came before the master, offered evidence to establish the number of bottles of the Mas design manufactured by the plaintiff, or under its license or authority, and the royalties received by it thereon from June 1, 1923, to November 6, 1928. But this motion was denied. On this ground, the defendant excepted to the special master's report, but the exception was overruled, and the master's report confirmed.

█ It is not denied that the established rule is that there can be no infringement of a patent prior to its issue, and no accounting of profits or assessment of damages except for the period which follows the grant [see the authorities cited in the former opinion in this case, 60 F.(2d) 518, 520]; but it is said that under the facts of the case, relief should not be restricted to recovery for patent infringement, but should be extended to cover the misappropriation of property rights involved in the actions of the plaintiff that took place prior to the issuance of the patent. It is pointed out that such cases as Booth v. Stutz Motor Car Co. (C. C. A.) 56 F.(2d) 962, and Allen-Qualley Co. v. Shellmar Products Co. (D. C.) 31 F.(2d) 293, affirmed (C. C. A.) 36 F.(2d) 623, hold that whether the subject-matter of a design is patentable or not, the discoverer has a property right which a court of equity will protect against one who has acquired knowledge of it and in bad faith and breach of confidence has undertaken to apply it to his own use.

Against this view, it is urged that the counterclaim filed by the defendant, notwithstanding some general reference to acts

of the plaintiff antedating the Mas patent, disclosed merely a suit based thereon to recover damages and profits in the accustomed manner, and to obtain an injunction from further infringement; and that it was not until after the interlocutory decree had been affirmed by this court, and the rights of the parties had become fixed, that the defendants shifted their position in order to broaden the scope of the suit. There is force in this contention, and under ordinary circumstances, the question would arise whether it would be proper at this stage of the litigation to permit such amendments to be made as would bring the case within the general equity jurisdiction of the federal court. Here, however, the question is of academic interest only, for even if we assume that the misuse of the property of Mas prior to the issuance of his patent would have given him a right of action that could be considered at this time, it would not avail the defendants anything in this suit.

This bill of complaint charged that subsequent to the issue of the Howel patent, Mas made application for his patent, No. 76,819, and in proceedings based thereon, the patent was procured, purporting to grant to the American Ornamental Bottle Corporation, as assignee of Mas, the right to use the invention for fourteen years; and it was prayed that the patent, having been improperly issued, should be canceled. The answer of the defendants admitted the application of Mas, the assignment thereof to the Bottle Corporation, and the issuance of the patent to the assignee. Further proceedings disclosed that on January 23, 1929, the Mas patent, with others, was transferred to trustees of the American Ornamental Bottle Corporation, and in a supplemental answer filed by the corporation and the trustees, it was alleged that the patent issued to Mas, covering the design as set forth in the original answer, conferred upon him the exclusive right to the design, its use, manufacture, and sale; and there was the additional allegation that the defendants by proper assignments from Mas, duly recorded and theretofore referred to in the pleadings, became the owners of the design and of all and every right relating thereto as aforesaid. The evidence offered in support of these allegations consisted of a copy of the digest of the Patent Office, of the assignments affecting the patent, showing that on November 15, 1927, Mas assigned to American Ornamental Bottle Corporation his whole right, title, and interest in letters patent No. 76,819, and the application, and that on January 17, 1929, the Bottle Corporation assigned to trustees all interest in certain patents and applications pending or granted, including patent No. 76,819.

It thus appears that there was no allegation or proof in the suit that the defendants acquired any rights from Mas except those conferred upon Mas by the design patent. There is no allegation or proof that Mas also assigned to them any right of action which may have accrued to him by reason of the wrongful acts of the plaintiff company before his patent was issued. Indeed, no claim was made in the briefs or in the oral argument before this court that the assignment by Mas was in fact of broader scope than has been described, and we have no reason to believe that any other assignment exists. It follows that the defendants have only such rights as were comprehended in the grant of the patent, and their recovery for infringement must be limited to acts performed during the life of the patent.

Affirmed.