Donald John NICHOLSON, trading and
doing business as Royal Purple Citrus
Research Nursery, Plaintiff,

v.

**B. F. BAILEY, Defendant.**

No. 873.

United States District Court
S. D. Florida,
Orlando Division.
March 23, 1960.

Giles, Hedrick & Robinson, Orlando,
Fla., for plaintiff.

Sam E. Murrell & Sons, Orlando, Fla.,
for defendant.

FREEMAN, District Judge.

This case is before the court on defendant's motion for summary judgment. The action is based on a "Second Amended Complaint," hereinafter referred to as "complaint," filed by the plaintiff on October 9, 1958, and a counterclaim by the defendant filed on November 26, 1958. The complaint, in essence, alleges infringement of plaintiff's U. S. Plant Patent 625 relating to a certain navel orange tree producing oranges designated as "Dream Navels," as well as unfair competition in aggravation of the infringement, and seeks damages and a permanent injunction.

The counterclaim is in two counts. Count I alleges the invalidity of U. S. Plant Patent 625 and seeks a declaratory judgment to that effect, as well as an injunction restraining the plaintiff from further prosecution of claims based on that patent. Count II alleges a conspiracy between the plaintiff and other persons to restrain the trade in citrus plants, in violation of the antitrust laws, and seeks a declaratory judgment, an in-

junction and damages. Since the parties entered general and specific denials to almost all the respective claims made in the complaint and counterclaim, the court, at the outset, is faced with the questions of (1) validity, (2) infringement and (3) notice of patent, pursuant to 35 U.S.C.A. § 49 (now 35 U.S.C.A. § 287). It is clear that the absence of any genuine issue of material fact relating to either of the first two questions would result in a disposition of the motion in favor of the defendant, at least as far as the complaint and Count I of the counterclaim are concerned, while a similar disposition on the last question would preclude the plaintiff from recovering damages in this action.

From the oral arguments heard in connection with this motion and the briefs filed by the parties, it appears that the main issue with respect to the validity of U. S. Plant Patent 625 is sharply defined, as will appear from a short recital of the relevant facts.

The plaintiff is a recently retired citrus grower and plant breeder in Orlando, Florida. On December 3, 1941, he applied for a plant patent covering a "seedless navel orange tree," which patent was duly issued to the plaintiff on April 25, 1944, and designated as "U. S. Plant Patent 625." In it, the plaintiff claims the following:

> "A new and distinct variety of navel orange tree substantially as described, characterized particularly by its much heavier juice content; its larger amount of acidity; its absence of dry juice-cells and ability to hold its juices; its higher ratios of sugars to acids; its higher content of soluble solids; its different flavor; its shorter maturing period after flowering, which is 6 to 6½ months; and its higher rate of productivity on sour orange rootstock; all as compared with the Washington navel orange."

The account of the discovery contained in the specification of this patent discloses that the plaintiff discovered this new and distinct variety of seedless navel orange trees, which is the subject of the patent, on October 5, 1939, in "a small citrus grove planted to mixed varieties, among which were found about fifteen other navel orange trees," but only one tree having the characteristics of the plant covered by U. S. Plant Patent 625. (That single tree found in the orange grove will hereafter be referred to as the "parent tree.") The specification further points out that the parent tree was twenty-five or thirty years of age and was a budded tree of undetermined root stock; that the plaintiff cut some budwood from the parent tree and used this budwood to asexually reproduce the trees which are the subject of this patent.

The applicable statute for the patenting of inventions on April 25, 1944, was 35 U.S.C.A. § 31 (now 35 U.S.C.A. §§ 101, 102 and 161), which reads, in pertinent part:

> "Any person * * * who has invented or discovered and asexually reproduced any distinct and new variety of plant * * * not known or used by others in this country, before his invention or discovery thereof, * * * and not in public use or on sale in this country for more than one year prior to his application, unless the same is proved to have been abandoned may * * * obtain a patent therefor."

The precise question before the court as to the issue of validity, is, therefore, whether the existence of the parent tree for twenty-five or thirty years prior to the discovery by the plaintiff constituted "knowledge or use by others" or such "public use" as to make U. S. Plant Patent 625 invalid.

Although plant patents have been issued since 1930, there are very few cases dealing with such patents and apparently none dealing with the issue now before this court. The affidavits submitted in support of and in opposition to the motion for summary judgment clearly create an issue with respect to the question of prior knowledge or use by others before the discovery and public use for more than one year prior to the date of

plaintiff's application for the patent in suit. The defendant contends, however that regardless of plaintiff's affidavit this court must find U. S. Plant Patent 625 invalid because the parent tree, which had been budded, i. e., asexually reproduced, was in existence twenty-five or thirty years before its "discovery" and consequently must have been used, known or publicly used within the meaning of 35 U.S.C.A. § 31.

It is regrettable that the parties have failed to give any details with respect to the parent tree. In spite of the fact that the parent tree was asexually reproduced, there is no allegation or evidence that its distinctive character and its value were appreciated by anyone prior to its discovery by plaintiff on October 5, 1939, nor has any showing whatsoever been made as to anyone's "knowledge" of the existence of the parent tree nor of the "use" made of the parent tree, if any.

 Based on this utter lack of proffered evidence relating to the parent tree, this court finds that the mere existence in an orange grove of an orange tree which had been asexually reproduced and which was twenty-five to thirty years old before the plant patent covering an identical tree was issued, does not by itself act to overcome the presumption of validity attaching to the issuance of a patent by the U. S. Patent Office. Furthermore, in view of the line of cases differentiating accidental or unintentional use from the required "use" and "knowledge" referred to in 35 U.S.C.A. § 31 (see, for example, International Nickel Co. v. Ford Motor Co., D.C., 166 F.Supp. 551, and cases cited therein), this court feels compelled to hold that a genuine issue of material fact exists as to whether the patented tree was "known or used" within the meaning of that statute. The same holding must perforce apply to the question of public use, since that term, on its face, means something more than mere "use."

 With respect to the question of infringement, the affidavit of Wray H. Nicholson, the brother of the plaintiff,

clearly states that he bought some infringing trees from defendant on or about October 24, 1955, which date is within the period covered by this action. Plaintiff's deposition also contains considerable evidence of defendant's admissions to the plaintiff of having budded and sold a large number of infringing trees to several other persons (28, 33, 34). Since an affidavit by the defendant in support of the motion denies any infringement, this court finds that as to the question of infringement there exists a genuine issue of material fact.

This leaves for consideration the question of whether the defendant had notice of the patent or of his infringement, pursuant to 35 U.S.C.A. § 49 (now 38 U.S. C.A. § 287). That section provided, in pertinent part:

"It shall be the duty of all patentees * * * making or vending any patented article * * * to give sufficient notice to the public that the same is patented; either by fixing thereon the word 'patent,' together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice * * and in any suit for infringement by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement and continued, after such notice, to make, use, or vend the article so patented."

It is an undisputed fact that on or about February 21, 1948, the plaintiff sold two Dream Navel orange trees to the defendant. In his affidavit in support of his motion, the defendant states, however, that these two trees or the package in which they might have been contained were not marked or labelled so as to give notice of the patent. The defendant further states that he has not asexually reproduced, sold or used plants covered by U. S. Plant Patent 625 after any notice of infringement or since the filing of this

suit. This statement by the defendant is countered by the plaintiff in the following manner: In plaintiff's answers to requests for admissions Nos. 1 and 3, the plaintiff states that "he admits that he did not physically affix to the plant or containers the word 'patent,' but states that he did adequately inform purchasers, the defendant and other nursery men of the fact that his said plant was patented." In the deposition taken subsequently, the plaintiff deposed that the above answers were, in part, incorrect, that the two trees sold to the defendant on or about February 21, 1948, had metal tags attached to them with the wording "Dream Navel Orange—U. S. Plant Patent 625," and that to that extent the plaintiff was mistaken in his said answers. This testimony is repeated in plaintiff's affidavit filed in opposition to the motion for summary judgment. In all three documents, i. e., the answers to the requests for admissions, the deposition and the affidavit, the plaintiff alleges that he orally informed the defendant at the time of the sale of the two trees, subsequently and prior thereto, that the trees were patented and that they could not be asexually reproduced or sold without the plaintiff's permission.

■ The defendant argues now that the plaintiff, having made certain admissions in his answers to the requests for admissions, is estopped from denying his admissions by his deposition or affidavit. In support of this proposition, the defendant relies on International Carbonic Engineering Co. v. Natural Carbonic Products, D.C., 57 F.Supp. 248, and Dulansky v. Iowa-Illinois Gas & Electric Co., D.C., 92 F.Supp. 118. Both of these cases were before Judge Miller in United States v. Lemons, D.C.W.D.Ark.1954, 125 F.Supp. 686, a case dealing with the identical issue now before this court. After pointing to several cases standing for the proposition that the rule announced by the two cases relied on by defendant here is not entirely inflexible, Judge Miller said at page 689 of 125 F. Supp.:

"In view of the foregoing authorities and the general purpose of Rule 36 [Fed.Rules Civ.Proc. 28 U.S. C.A.], the Court is of the opinion that sworn admissions are not absolutely and conclusively binding upon a party and do not estop the party from denying their truth. However, if a party desires to deny the truth of his admission or admissions the burden rests upon him to explain the reason said admission was false and to establish that his subsequent testimony, in contradiction of the admission, is in fact the truth. The showing in this regard must be clear and convincing. Otherwise, the salutary purpose of the Rule might be circumvented."

In view of the fact that the defendant in the present case has made no showing of injury caused by the attempted repudiation of plaintiff's original admissions, this court is inclined to adopt the ruling in the Lemons case and consequently holds, for purposes of this motion for summary judgment, that the plaintiff is not estopped to deny the truth of his admissions before having had an opportunity to explain the reason for the admissions and their subsequent repudiation.

■ Furthermore, there is the evidence above referred to that the plaintiff informed the defendant at the time of the sales transaction between plaintiff and defendant of the fact that the trees were patented and that the defendant could not asexually reproduce or sell the trees without the plaintiff's permission. It is not entirely clear whether the denial of notice of infringement in defendant's affidavit constitutes a denial of this factual allegation of notice or a denial of the sufficiency of that notice. However, it seems clear that, especially in a plant patent case, the alleged notice would constitute sufficient notice of infringement to satisfy the requirements of 35 U.S.C.A. § 49. Such notice fairly informed the defendant of the fact that the two trees purchased from plaintiff were patented and that certain future acts by the de-

fendant would constitute an infringement of plaintiff's patent. It has been repeatedly held that such prior notice is sufficient to satisfy the intent of the statute. Oil Well Improvements Co. v. Acme Foundry & Machine Co., 8 Cir., 1929, 31 F.2d 898; Weygandt Co. v. Van Emden, D.C.S.D.N.Y.1930, 40 F.2d 938; American Ornamental Bottle Corporation v. Orange-Crush Co., 4 Cir., 1935, 76 F.2d 969.

In accord with the foregoing, this court finds that several genuine issues of material fact exist in this action and consequently the motion for summary judgment must be denied. An appropriate order may be submitted.